Gordon Allen FRATZKE,
Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C8–89–1182.

Supreme Court of Minnesota.

Jan. 5, 1990.

C. Paul Jones, State Public Defender, and Mark D. Nyvold, Sp. Asst. State Public Defender, Minneapolis, for petitioner, appellant.

Hubert H. Humphrey, III, Atty. Gen., Paul R. Kempainen, Asst. Atty. Gen., St. Paul, and John Hoffman, Mille Lacs County Atty., Milaca, for respondent.

SIMONETT, Justice.

In 1982 a jury in Mille Lacs County District Court found petitioner, Gordon Allen Fratzke, guilty of first degree murder and aggravated robbery. The presiding judge sentenced petitioner to life imprisonment on the murder charge. This court affirmed his conviction. *State v. Fratzke*, 354 N.W.2d 402 (Minn.1984).[1] The Federal District Court denied his subsequent petition for federal habeas corpus relief and an appeal to the Eighth Circuit was dismissed as untimely. Thereafter, in December 1988, petitioner filed a pro se petition seeking postconviction relief under Minn.Stat. ch. 590 (1988). The court found that the only claims that had not been previously raised, ineffectiveness of trial and appellate counsel, were meritless. We affirm.

Court-appointed counsel from the seventh judicial district defender's office did not meet with petitioner until the day of the hearing, May 18, 1989, though the appointment was ordered a week in advance. Counsel indicated he was unprepared, re-

---

**1.** As we noted there, although six issues were raised on appeal, the only genuine question for the court was whether petitioner had the requisite intent when he killed the victim. At trial Fratzke admitted to the killing and his counsel conceded the state had proved every element of the offense except intent. *Id.* at 404.

quested that he not be limited to what was argued at the hearing, and asked for additional time to allow petitioner to prepare a formal petition with assistance of the state public defender. Alternatively, counsel requested an evidentiary hearing "if necessary." The postconviction court denied relief without granting a continuance. Petitioner contends he was entitled to an evidentiary hearing on the ineffectiveness claims and that the postconviction court abused its discretion by not granting a continuance.

We do not believe petitioner's allegations required an evidentiary hearing. Such a hearing is not required unless facts are alleged which, if proved, would entitle a petitioner to the requested relief. *State ex rel. Roy v. Tahash,* 277 Minn. 238, 245, 152 N.W.2d 301, 306 (1967). Thus, petitioner had to allege facts which would "affirmatively prove that his counsel's representation 'fell below an objective standard of reasonableness' and 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Gates v. State,* 398 N.W.2d 558, 561 (Minn. 1987) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2065, 2068, 80 L.Ed.2d 674 (1984)).

The petition alleges that trial counsel did not properly handle hearsay and inconsistent testimony and "coached" the accomplice, who testified for the state.[2] Postconviction counsel did not elaborate on these allegations, nor did petitioner add anything when asked by the court on two occasions if his counsel had covered everything. The court found that petitioner's allegations were too generalized to warrant an evidentiary hearing. We agree. Accordingly, we find that petitioner did not allege facts necessary to show that his trial counsel was negligent or that there was a reason-

able probability that the outcome of his trial would have been different. *Cf. Gates,* 398 N.W.2d at 562 (court may dispose of ineffectiveness claim solely by finding failure to prove that outcome may have been different).

■ Moreover, this court has consistently indicated that "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976); *see also Case v. State,* 364 N.W.2d 797, 800 (Minn.1985) (only where a claim is so novel that it can be said that its legal basis was not reasonably available at the time direct appeal was taken and decided will postconviction relief be allowed). This rule includes claims of ineffective assistance of trial counsel. *Dent v. State,* 441 N.W.2d 497 (Minn.1989).[3] The record shows that petitioner and appellate counsel considered challenging trial counsel's performance. Therefore, petitioner is procedurally barred from pursuing postconviction relief based on trial counsel's alleged ineffectiveness.

Petitioner contends appellate counsel failed to raise several issues and did not adequately address other issues. As petitioner apparently concedes, these allegations do not require an evidentiary hearing. The only issue not previously raised was ineffective assistance of trial counsel. However, appellate counsel had no duty to raise all possible issues and thereby jeopardize more meritorious ones. *Dent,* 441 N.W.2d at 500. Additionally, generalized allegations of incompetence are not reason for an evidentiary hearing. There is no indication that appellate counsel's assistance fell below an objective standard of reasonableness and petitioner does not con-

---

**2.** At the hearing, counsel also alleged that trial counsel failed to try and rebut the accomplice's testimony after he testified that petitioner confessed to an earlier killing as they left the crime scene. Since we have already ruled that any error in the admission of this testimony was harmless in light of the overwhelming evidence of petitioner's guilt, *Fratzke,* 354 N.W.2d at 409,

it cannot form the basis of an ineffectiveness claim.

**3.** We are mindful that generally the appropriate way to challenge ineffective assistance of trial counsel is to seek a postconviction hearing before appeal. *See, e.g., State v. Buchanan,* 431 N.W.2d 542, 553 (Minn.1988).

tend that the outcome of his appeal might have been different.

While we affirm the decision of the post-conviction court, we are troubled by the court's failure to grant a continuance when it was obvious counsel was completely unprepared. Therefore, petitioner is free to consult with counsel to assess his allegations of ineffectiveness of appellate counsel and to consider whether the requisite factual basis for another postconviction petition is indicated. *See Brown v. State*, 449 N.W.2d 180 (Minn.1989).

Affirmed.