**STATE of Minnesota, Respondent,**

v.

**Herbert Alfred KELLY, Appellant.**

**No. C8–94–2265.**

Supreme Court of Minnesota.

Aug. 4, 1995.

Douglas W. Thomson, St. Paul, for appellant.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, and Michael O. Freeman, Hennepin County Atty., Linda K. Jenny, Asst. County Atty., Minneapolis, for respondent.

## OPINION

GARDEBRING, Justice.

This appeal arises from an order of the postconviction court denying Herbert A. Kelly's petition for postconviction relief. The court concluded that, based on the record, Kelly's petition failed to establish that postconviction relief was warranted. We affirm.

On October 27, 1987, Kelly was convicted of first-degree murder and sentenced to life imprisonment pursuant to Minn.Stat.

§ 609.185. On direct appeal this court affirmed the conviction, specifically holding that the trial court should have suppressed statements made by Kelly prior to receiving a *Miranda* warning, but the admission of the statements was not reversible error because of "the limited use of the statements for impeachment purposes:" *State v. Kelly*, 435 N.W.2d 807, 814 (Minn.1989). Five years later, on March 16, 1994, Kelly submitted a petition for postconviction relief and oral argument was held on June 28, 1994.[1] One month later, Kelly made a motion to amend his petition for postconviction relief and requested an evidentiary hearing.

Kelly's amended petition renewed the claim made on direct appeal, that his pre-*Miranda* statements were improperly admitted at trial, and raised a new claim of ineffective assistance of appellate counsel. In its order and memorandum, the postconviction court addressed only the second claim for ineffective assistance of counsel, denying the requested relief because it found petitioner failed both prongs of the test established in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), and *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

On appeal, Kelly raises two issues: 1) that he is entitled to an evidentiary hearing on the ineffective assistance of appellate counsel claim, and 2) that he is entitled to a new trial because inadmissible pre-*Miranda* statements were used by the prosecution for purposes other than impeachment.

■ We have held that "[a] petitioner seeking postconviction relief has the burden or establishing, by a fair preponderance of the evidence, facts which warrant a reopening of the case." *State v. Rainer*, 502 N.W.2d 784, 787 (Minn.1993); *see also* Minn. Stat. § 590.04, subd. 3. Our review of postconviction proceedings is limited to whether there is sufficient evidence in the record to sustain the findings of the postconviction

court. *Rainer*, 502 N.W.2d at 787. Absent an abuse of discretion, a postconviction court's decision will not be disturbed. *Id.*

■ We begin our analysis with whether Kelly was entitled to an evidentiary hearing on the claim of ineffective assistance of appellate counsel. An evidentiary hearing is not required unless the petitioner alleges facts which, if proven, would entitle the petitioner to the requested relief. *Fratzke v. State*, 450 N.W.2d 101, 102 (Minn.1990). Thus, to determine whether an evidentiary hearing is required, we must look to the substance of his claim of ineffective assistance of appellate counsel. In *Fratzke* we said:

> [P]etitioner had to allege facts which would affirmatively prove that his counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

*Id.* at 102. Kelly argues that two critical errors were made: 1) appellate counsel failed to submit a responsive brief to the state's appellate brief, and 2) appellate counsel failed to petition for rehearing to correct a mistaken factual premise in the court's opinion. In his amended petition, Kelly points to specific statements during the trial when the prosecuting attorney referred to pre-*Miranda* statements and argues that had appellate counsel filed a reply brief or motion for rehearing to direct the court's attention to them, the outcome would have been different.

We again note that on direct appeal the issue of the admissibility of these statements was addressed. Thus, like the trial court, we will not determine the admissibility per se, but rather whether appellate counsel's failure to file a reply brief or a petition for rehearing constituted ineffective assistance of counsel.

---

1. Kelly's original petition asserted as a basis for relief certain jury instruction issues which the postconviction court did not specifically address, but which are procedurally barred by our holding in *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). The holding in *Knaffla* prohibits all matters raised, or claims known but not raised on the direct appeal, from being considered upon a subsequent petition for postconviction relief. Kelly's original petition raised the question of jury instructions and the issue was decided on direct appeal by this court. *Kelly*, 435 N.W.2d at 812.

■ We have previously adopted the two-part test of *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in determining whether to grant a defendant a new trial on the ground of ineffective assistance of counsel. *Gates v. State,* 398 N.W.2d 558, 561 (Minn.1987). The burden is on the petitioner to affirmatively prove that: 1) counsel's representation fell below an objective standard of reasonableness, and 2) counsel's errors actually had an adverse effect in that, but for the errors, the result of the proceeding would have been different. *Id.* at 561.

■ The first error Kelly claims constituted ineffective assistance of counsel was the failure to file a reply brief to address the argument in the state's brief that the pre-*Miranda* statements were properly admitted for impeachment. The rule concerning filing reply briefs clearly makes it discretionary to file a brief in reply to respondent so long as it is confined to "new matter raised in the brief of the respondent." Minn.R.Civ.App.P. 128.02, subd. 3. In this case, Kelly's appellate counsel thoroughly briefed the issue of the admissibility of the pre-*Miranda* statements and the state's brief responded. In light of the contents of the briefs on direct appeal and the limited scope and discretionary nature of filing a reply brief, this argument does not satisfy the two-prong test to establish ineffective assistance of counsel.

■ Similarly, Kelly's second basis for arguing ineffective appellate counsel does not assert facts that, if proved, would satisfy the *Fratzke* standard. Kelly contends that appellate counsel's failure to file a petition for rehearing to "correct the misstatement of fact in the Court's opinion" constituted ineffective assistance of counsel. The rule concerning petitions for rehearing provides:

The petition shall set forth with particularity:

(a) any controlling statute, decision or principle of law; or

(b) any material fact; or

(c) any material question in the case which, in the opinion of the petitioner, the Supreme Court has overlooked, failed to consider, misapplied or misconceived.

Minn.R.Civ.App.P. 140.01. On direct appeal this court held that the statements made by defendant prior to receiving a *Miranda* warning should have been suppressed, but the admission of such statements for impeachment purposes was not reversible error. *Kelly,* 435 N.W.2d at 813. Specifically, we said:

The only statement made by defendant, prior to receiving a *Miranda* warning, was his claim there was no weapon in the apartment. * * * The statements by defendant went only to his credibility since he did not relate any details of the crime which would have been incriminating. We therefore hold the limited use of the statements for impeachment purposes did not constitute reversible error.

*Id.* at 814. Kelly argues that had appellate counsel filed a petition for rehearing based on the examples cited in the amended petition for postconviction relief, the court would have ordered a new trial. We do not agree. Kelly's petition for postconviction relief and his appellate counsel's brief on direct appeal raise the same uses of the pre-*Miranda* statements. Appellate counsel's brief on direct appeal apprised the court of precisely the facts that Kelly now argues should have been raised again in a petition for rehearing. Thus, Kelly's petition for postconviction relief is merely an attempt to relitigate matters already decided on direct appeal and provides no basis for a conclusion that the filing of a petition for rehearing was required.

■ After reviewing the record, we are satisfied that Kelly's postconviction petition failed to sufficiently allege facts showing that his appellate counsel's representation fell below an objective standard of reasonableness or that there is a reasonable probability that, but for counsel's alleged errors, Kelly would not have been convicted.[2]

**2.** We caution trial courts to be mindful of the differences between the test under *Fratzke* to determine whether an evidentiary hearing is required, and the test under *Gates* to determine whether a petitioner received ineffective assistance of counsel. The primary distinction is that to receive an evidentiary hearing, a petitioner must only *allege* facts that, if proved, would enti-

Simply stated, Kelly has failed to properly allege sufficient facts under the *Fratzke* test to require an evidentiary hearing and has failed to establish by a fair preponderance of the evidence any facts which warrant reopening the case. We affirm the postconviction court's denial of the relief sought by Kelly.

Affirmed.

tle him to relief; whereas to succeed on the merits of the claim of ineffective assistance of counsel, petitioner, under *Gates*, must affirmatively prove the two-prong test.