**Guy Alan SULLIVAN, Petitioner, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. CO–97–2081.**

Supreme Court of Minnesota.

Oct. 22, 1998.

Maureen Williams, Law Office of Maureen Williams, Minneapolis, for appellant.

Hubert H. Humphrey III, Atty. Gen., Natalie E. Hudson, Asst. Atty. Gen., St. Paul, Bradley C. Rhodes, Aitken County Atty., Aitken, for respondent.

OPINION

PAGE, Justice.

On November 22, 1991, Guy Alan Sullivan was convicted of three counts of first-degree felony murder and one count of kidnapping for his involvement in the June 15, 1991, kidnap, rape, and murder of Carin Streufert.[1] Sullivan was sentenced to a mandatory term of life in prison, and, on direct appeal, his conviction was affirmed.

On June 30, 1997, Sullivan filed the instant petition for postconviction relief.[2] The petition asserts that Sullivan was denied effective assistance of appellate counsel on direct appeal as a result of his appellate counsel's failure to raise a claim of ineffective assistance of trial counsel. This assertion is based on the fact that his trial counsel failed to challenge the admissibility at trial of certain statements he made to law enforcement officials on June 19, 1991. The petition also asserts that the trial court failed to consider mitigating factors requiring a downward departure in his sentence. The postconviction court, rejecting both assertions, denied the petition. The sole issue raised by Sullivan in his appeal to this court is whether he was denied effective assistance of appellate counsel. We conclude that the record fully supports the postconviction court's finding that Sullivan failed to establish that his appellate counsel's representation fell below an objective standard of reasonableness. Therefore,

1. The facts relating to Sullivan's participation in the kidnap, rape, and murder of Streufert are set out in this court's opinion affirming Sullivan's conviction on direct appeal and will not be repeated here. *See State v. Sullivan,* 502 N.W.2d 200 (Minn.1993).

2. Over time, Sullivan has filed a number of other motions and petitions challenging his conviction, all of which have either been dismissed or denied. The issues raised in those motions and petitions are not before the court in this appeal.

we affirm the postconviction court's denial of postconviction relief.

"A petitioner seeking postconviction relief has the burden of establishing, by a fair preponderance of the evidence, facts which warrant a reopening of the case." [3] Our review of postconviction proceedings is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings.[4] Absent an abuse of discretion, the postconviction court's decision will not be disturbed.[5]

Sullivan's ineffective assistance of appellate counsel claim is predicated on the underlying claim against his trial counsel. If he cannot establish a claim of ineffective assistance of trial counsel, his appellate counsel claim automatically fails. To succeed on his claim that he received ineffective assistance of trial counsel, based on his trial counsel's failure to challenge the admissibility of his June 19, 1991, statements, Sullivan must meet the following two-prong test: (1) that his trial counsel's representation "fell below an objective standard of reasonableness"; and (2) trial "counsel's errors actually had an adverse effect in that, but for the errors, the result of the proceeding would have been different." [6] Failure to meet either prong of the test is fatal to Sullivan's claim. On the record before us, Sullivan has not proven either.

Sullivan first argues that three of his June 19, 1991, statements to law enforcement officers should have been suppressed at trial because they were made during custodial interrogations conducted before he was advised of his rights as required by *Miranda v. Arizona.*[7] The custodial interrogation of an individual requires that the individual be advised of his or her *Miranda* rights before any questioning occurs. Failure to advise an individual of his or her rights makes any statement made by the individual inadmissible at trial. Whether an interrogation is custodial is determined from the perspective of a reasonable person in the individual's position at the time of the interrogation. The question to be answered is whether, under all the circumstances, there was a formal arrest of the individual or restraint on the individual's freedom of movement of the degree associated with formal arrest.[8]

Here, the record is clear that a reasonable person in Sullivan's position at the time Sullivan made his unwarned statements would not have believed that he or she was under formal arrest or restraint of freedom to the degree associated with formal arrest. Sullivan voluntarily went to the Itasca County Sheriff's Office in the early morning hours of June 19, 1991, to report his involvement in Streufert's murder and gave a number of statements over a period of several hours. During this time period, he was repeatedly told that he was not under arrest and that he was under no obligation to speak with the law enforcement officers. Although the record reflects that Sullivan never sought to leave the sheriff's office or to stop talking with the officers, we can find nothing in the record suggesting that he was either not free to leave the sheriff's office or to stop talking, or that he was under formal arrest or restrained to the degree associated with formal arrest.

Walking into the sheriff's office in order to make statements confessing to a crime, without more, does not constitute a formal arrest or a restraint of freedom to the degree associated with formal arrest even if the police ask questions. Therefore, Sullivan's unwarned statements were admissible at his trial and his trial counsel's failure to challenge the admissibility of those statements was not deficient.

3. *State v. Rainer,* 502 N.W.2d 784, 787 (Minn. 1993).

4. *Id.*

5. *Id.*

6. *State v. Kelly,* 535 N.W.2d 345, 348 (Minn. 1995) (citing *Gates v. State,* 398 N.W.2d 558, 561 (Minn.1987)). *See also Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

7. 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

8. *See State v. Wiernasz,* 584 N.W.2d 1, 3 (Minn. 1998).

Sullivan next claims that his trial counsel should have challenged the statements he gave after he was advised of his *Miranda* rights because he did not knowingly, intelligently, and voluntarily waive those rights. When such a challenge is raised, the state has the burden of proving "by a preponderance of the evidence * * * that the accused knowingly, intelligently, and voluntarily waived his right against self-incrimination * * *." [9] If the state can show that the defendant has been advised of his rights and that he understands them, the state has met its burden.[10] The state has done so here.

The record demonstrates that Sullivan was advised of his *Miranda* rights and that he stated he understood them. Moreover, there is nothing in the record which suggests that he lacked the ability to understand those rights as read to him. Sullivan spoke rationally to the officers about the events leading to Streufert's death and responded to their questions appropriately. Although Sullivan makes the bald assertion that he lacked the intelligence to knowingly, intelligently, and voluntarily waive his *Miranda* rights because he was "slow at learning," we can find nothing in the record that supports this assertion. Therefore, as with the statements Sullivan made before he was advised of his *Miranda* rights, his trial counsel's failure to challenge the admissibility of the post-*Miranda* statements was not deficient.

Finally, Sullivan claims that all of his statements should have been suppressed because they were not voluntarily made. We have held that "[c]oercive police activity is a necessary predicate to finding that a confession is involuntary." [11] Our review of each of the statements satisfies us that the law enforcement officers to whom Sullivan gave his statements did not engage in any coercive activity which could reasonably, or otherwise, lead to the conclusion that his statements were not voluntarily made.

Sullivan's claim that he was denied effective assistance of appellate counsel fails because there is no merit to his underlying claim regarding the performance of his trial counsel. The postconviction court did not abuse its discretion when it denied Sullivan's petition for postconviction relief.

Affirmed.

RUSSELL A. ANDERSON and LANCASTER, JJ., took no part in the consideration or decision of this case.

9. *State v. Williams,* 535 N.W.2d 277, 286 (Minn. 1995).

10. *Id.*

11. *State v. Camacho,* 561 N.W.2d 160, 169 (Minn.1997) (citing *Colorado v. Connelly,* 479 U.S. 157, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986)).