Scott Peter ZENANKO, petitioner,
Appellant,

v.

STATE of Minnesota, Respondent.

No. C4-98-425.

Supreme Court of Minnesota.

Dec. 17, 1998.

Rehearing Denied Jan. 21, 1999.

See also, 552 N.W.2d 541.

---

Scott Peter Zenanko, pro se.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Asst. Atty. Gen., St. Paul, Bradley C. Rhodes, Sp. Asst. Crow Wing County Atty., Aitkin, for respondent.

## OPINION

LANCASTER, J.

Appellant, Scott Peter Zenanko, was convicted by a Crow Wing County jury of the first-degree premeditated murder of Michael Barhorst; the first-degree intentional murder while committing burglary of Thomas

Barhorst; the attempted first-degree murder of Cindy Shepard; and first-degree burglary. Pursuant to Minn.Stat. § 609.185(1) (1996), Zenanko was sentenced to consecutive mandatory life terms for the first-degree murders of Michael and Thomas Barhorst, which were to be served concurrent with an executed 48–month sentence for burglary, and a 180–month executed term for the attempted first-degree murder of Cindy Shepard. On direct appeal, this court affirmed Zenanko's convictions. *See State v. Zenanko*, 552 N.W.2d 541 (Minn.1996). A recitation of the facts underlying Zenanko's conviction can be found in that opinion; therefore, we do not reiterate them here.

In September of 1997, Zenanko, now acting pro se, brought a petition for postconviction relief. In his petition, Zenanko alleged prosecutorial misconduct, nondisclosure of evidence, ineffective assistance of trial counsel, ineffective assistance of appellate counsel, improper sentencing, and improper jury instructions. Zenanko sought a vacation of his convictions, a new trial, an evidentiary hearing, or a modified sentence. The postconviction court denied all of Zenanko's motions, except to order the files preserved pending Zenanko's appeal. The postconviction court ruled that Zenanko's claims of prosecutorial misconduct, nondisclosure of evidence, ineffective assistance of trial counsel, improper sentencing, and improper jury instructions were all claims that Zenanko could have raised on direct appeal, but did not. The postconviction court also ruled that Zenanko's claim of ineffective assistance of appellate counsel failed. Finally, the postconviction court ruled that Zenanko had failed to allege any facts that would require an evidentiary hearing.

The statutory basis for a claim for postconviction relief is found in Minn.Stat. chapter 590 (1996). Section 590.01 provides, in part:

Except at a time when direct appellate relief is available,[1] a person convicted of a crime, who claims that the conviction obtained or the sentence or other disposition

1. Because Zenanko had already appealed his conviction, direct appeal was no longer available. *See Zenanko*, 552 N.W.2d 541.

made violated the person's rights under the Constitution or laws of the United States or of the state, may commence a proceeding to secure relief by filing a petition in the district court in the county in which the conviction was had to vacate and set aside the judgment and to discharge the petitioner or to * * * grant a new trial or * * * make other disposition as may be appropriate.

*Id.* at subd. 1. A court may dismiss a petition for postconviction relief without conducting an evidentiary hearing if the petition, files, and record "conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (1996); *see also Fratzke v. State,* 450 N.W.2d 101, 102 (Minn.1990) (stating that an evidentiary "hearing is not required unless facts are alleged which, if proved, would entitle a petitioner to the requested relief.").

■ On review of a postconviction proceeding, our role is limited to determining whether there is sufficient evidence to sustain the findings of the postconviction court. *See Robinson v. State,* 567 N.W.2d 491, 494 (Minn.1997). A postconviction court's decision will not be disturbed absent an abuse of discretion. *See id.* Where a direct appeal has already been taken, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Miller v. State,* 531 N.W.2d 491, 493 (Minn.1995) (citations omitted).

■ On the issue of ineffective assistance of counsel, a defendant must affirmatively demonstrate that his counsel's representation "fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Gates v. State,* 398 N.W.2d 558, 561 (Minn.1987) (quoting *Strickland v. Washington,* 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)).

We conclude that, on this record, Zenanko was entitled to neither an evidentiary hearing nor to substantive relief on his claim. Because the record indicates that Zenanko's claims of prosecutorial misconduct, nondisclosure of evidence, ineffective assistance of trial counsel, improper sentencing, and improper jury instructions could have been raised either at trial or on direct appeal, we affirm the postconviction court's order. We also affirm the postconviction court's determination that Zenanko's claim of ineffective assistance of appellate counsel is without merit, and that Zenanko failed to meet his burden in order to gain an evidentiary hearing.

As to the evidentiary claims made by Zenanko in his petition, these claims were addressed on direct appeal. *See Zenanko,* 552 N.W.2d 541. We held that "the evidence supporting defendant's guilt is overwhelming." *Id.* at 542. Zenanko also challenged the admission of certain evidence and alleged prosecutorial misconduct during the grand jury proceedings. We held that the allegations "fell far short of establishing prejudice of the kind warranting a new trial." *Id.* at 543. In his pro se supplemental brief on direct appeal, Zenanko alleged that the prosecution knowingly elicited perjured testimony and further alleged that extraordinary security measures denied him a fair trial. These claims were rejected as "completely meritless." *Id.* at 543.

Zenanko's claims that he received ineffective assistance of trial counsel, improper sentencing,[2] and improper jury instructions could have been raised on direct appeal. Once a defendant has had a direct appeal, "all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). We conclude that these claims were available to Zenanko on direct appeal; thus, we will not consider them on postconviction review.

---

**2.** Zenanko, a former corrections officer at the Anoka County Jail, cites *Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996), in seeking a reduction in his sentence. *Koon,* which involved an interpretation of federal sentencing guidelines, holds that a federal district court acted within its authority in considering special circumstances faced by a police officer convicted of violating a suspect's constitutional rights. Zenanko's reliance on *Koon* is misplaced. Zenanko was properly sentenced according to Minnesota's sentencing guidelines.

Zenanko claims that if granted an evidentiary hearing, certain documents, which he fails to detail with any specificity, would bolster his claims. Further, again without any underlying factual basis, he alleges that "multiple factual disputes" exist. The postconviction court concluded that Zenanko failed to allege any disputed material facts. We agree. "The petitioner's allegations must be 'more than argumentative assertions without factual support.'" *Hodgson v. State,* 540 N.W.2d 515, 517 (quoting *Beltowski v. State,* 289 Minn. 215, 217, 183 N.W.2d 563, 564 (1971)). An evidentiary hearing is not required unless facts are alleged which, if proven true, would be sufficient to support the petitioner's request for relief. *See Fratzke,* 450 N.W.2d at 102; Minn.Stat. § 590.04, subd. 1. Therefore, the decision of the postconviction court denying Zenanko an evidentiary hearing is affirmed.

The only claim properly before us, then, is Zenanko's claim of ineffective assistance of appellate counsel. Zenanko raises two claims. First, he argues that the state violated the margin requirements for briefs as stated in the Minnesota Rules of Appellate Procedure. This claim is not only meritless but borders on frivolous. Second, Zenanko claims that his appellate counsel should have petitioned this court for rehearing to consider his evidentiary claims. The rule concerning petitions for rehearing provides:

> The petition shall set forth with particularity:
> (a) any controlling statute, decision or principle of law; or
> (b) any material fact; or
> (c) any material question in the case which, in the opinion of the petitioner, the Supreme Court has overlooked, failed to consider, misapplied or misconceived.

Minn. R. Civ.App. P. 140.01 (1996).

We considered Zenanko's evidentiary claims on direct appeal and concluded that "the alleged errors and misconduct, taken cumulatively in the context of the defendant's trial as a whole, fall far short of establishing prejudice of the kind warranting a new trial." *Zenanko,* 552 N.W.2d at 543. Thus, to base an ineffective assistance of appellate counsel claim on appellate counsel's failure to request a rehearing to consider an issue specifically addressed on direct appeal is without merit. Certainly, Zenanko has made no showing that appellate counsel's performance fell below an objective standard of reasonableness. The decision of the postconviction court is affirmed.

Affirmed.