# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 00-2005

———————

Scott Peter Zenanko,     *

                  *

        Appellant,     *    Appeal from the United States

                  *    District Court for the

    v.                 *    District of Minnesota

                  *

David R. Crist, Warden,     *    [UNPUBLISHED]

                  *

        Appellee.     *

———————

Submitted:  May 14, 2001

Filed:  June 15, 2001

———————

Before MORRIS SHEPPARD ARNOLD, BRIGHT, and BYE, Circuit Judges.

———————

PER CURIAM.

Scott Zenanko appeals the district court's[1] denial of his petition for a writ of habeas corpus, 28 U.S.C. § 2254(a).  We affirm.

On the night of October 2, 1994, Zenanko secretly approached Michael Barhorst's apartment near Brainerd, Minnesota.  Barhorst discovered Zenanko

———————

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for the District of Minnesota, adopting the report and recommendation of the Honorable Arthur J. Boylan, United States Magistrate Judge for the District of Minnesota.

scratching at the screen door to the apartment. As Barhorst unlatched the door, Zenanko rushed in. Zenanko drew a serrated, double-bladed knife and stabbed Barhorst and his brother, Thomas, multiple times. The Barhorsts died from their wounds on the kitchen floor. Zenanko also discovered Cindy Shepard (the fiancée of Michael Barhorst) hiding behind a bedroom door. He tried to stab her, but she managed to escape to a neighbor's house. Shepard had rebuffed Zenanko's romantic advances some months before she met, and became engaged to be married to, Michael Barhorst.

A jury convicted Zenanko of premeditated murder, felony murder, attempted premeditated murder, and burglary, and he was sentenced to multiple life sentences. The Minnesota Supreme Court affirmed Zenanko's conviction, State v. Zenanko, 552 N.W.2d 541 (Minn. 1996), and later denied him post-conviction relief, Zenanko v. State, 587 N.W.2d 642 (Minn. 1998).

On April 12, 1999, Zenanko petitioned for a writ of habeas corpus in federal court. His petition stated four distinct claims: (1) prosecutorial misconduct during the grand jury proceedings; (2) withholding of exculpatory evidence; (3) erroneous evidentiary rulings by the state trial court; and (4) ineffective assistance of trial counsel. The district court adopted the ruling of a magistrate judge denying Zenanko a writ of habeas corpus. The court later granted a certificate of appealability on the second, third, and fourth claims.

Zenanko defaulted his claims that the prosecution withheld exculpatory evidence and that his lawyer rendered constitutionally ineffective assistance of counsel in state court. He has failed to demonstrate actual innocence, or cause-and-prejudice, to excuse those defaults and thus we need not discuss the merits of those claims. See Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). Finally, Zenanko's claim of erroneous evidentiary rulings by the state trial court does not rise to the level of a due process violation because the alleged errors were insufficient to infect the entire trial process

with bias.  See Turner v. Armontrout, 845 F.2d 165, 169 (8th Cir. 1988).  We therefore affirm without extended discussion the district court's decision to deny Zenanko a writ of habeas corpus.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.