ANDERSON, Justice
(dissenting).
I respectfully dissent. We have stated that “a convicted defendant is entitled to at least one right of review by an appellate or postconviction court.” State v. Knaffla, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). The majority’s decision deprives appellant Jason Matakis of that opportunity.
Matakis filed an admittedly incomplete petition for postconviction relief, just a few days before the 2-year statute of limitations would have expired. See Minn.Stat. § 590.01, subd. 4(a)(1) (2014). The petition asserted that Matakis’s guilty plea was not knowing, voluntary, or intelligent, but provided no facts to support his claim. Instead, Matakis promised to later submit an affidavit and memorandum containing the necessary evidence. His opportunity to do so vanished, however, when the postconviction court summarily, and without notice to Matakis, denied his petition. This action was contrary to the plain language of the postconviction statute and was not supported by our case law, and therefore constituted an abuse of discretion.
In Fratzke v. State, we stated that an evidentiary hearing “is not required unless facts are alleged which, if proved, would entitle a petitioner to the requested relief.” *42 450 N.W.2d 101, 102 (Minn.1990). The majority believes we need look no further: Matakis alleged no facts at all, let alone facts that entitle him to relief, so a hearing is unnecessary. But the majority ignores the plain language of the postconviction statute, which provides that an evidentiary hearing must be ordered “[ujnless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief.” Minn.Stat. § 590.04, subd. 1 (2014) (emphasis added). By Matakis’s own admission, his petition was incomplete; it did not “conclusively show” anything. The postconviction court could have required that Matakis amend his petition within 30 days or by some other timeline it deemed fair and reasonable.[1] Or the court could have requested an affidavit outlining the materiality of the evidence Matakis sought to provide. Instead, the postconviction court simply dismissed Matakis’s petition, sua sponte, with no notice to Matakis.
The majority cites no case directly on point, because these circumstances have not previously been presented to our court. Instead, the majority relies on several cases in which dismissal of postconviction proceedings without holding an evidentiary hearing was appropriate because the petition presented generalized grievances rather than “a statement of the facts and the grounds upon which the petition is based and the relief desired.” Minn.Stat. § 590.02, subd. 1(1) (2014); see, e.g., Laine v. State, 786 N.W.2d 635, 638-39 (Minn. 2010) (concluding that the petitioner’s claim was an “argumentative assertion” that lacked any support); Townsend v. State, 582 N.W.2d 225, 229 (Minn.1998) (observing the petition contained merely a “general allegation” devoid of “supporting affidavits or other documents”); Fratzke, 450 N.W.2d at 102 (concluding that ineffective-assistance-of-counsel claim contained merely a “generalized allegation[] of incompetence”). The situation at hand differs from these cases, however, because Matakis indicated that additional evidence existed and was forthcoming. Thus, although I agree with the majority that Ma-takis’s petition was insufficient, dismissal was not the proper remedy.
It is also worth noting that the State sought dismissal of the petition, not because of the incomplete petition for post-conviction relief, but rather on the merits of the claim. It is entirely possible, and perhaps even likely as the State suggests, that even with the benefit of the promised evidence, Matakis’s petition would have lacked particularized facts that would entitle him to relief. But the abrupt action of the postconviction court in granting relief on a ground not advanced by anyone deprived Matakis of the opportunity to present whatever evidence he had. This, too, is indicative of an abuse of discretion.
I am mindful of the volume of cases and disputes handled by our district courts and the intent of the' Legislature, by enacting chapter 590, to dispose of meritless post-conviction appeals. But one unfortunate, yet almost certain, consequence of the majority opinion here is an additional post- *43 conviction petition alleging ineffective assistance of appellate counsel that could have been avoided by an order to show cause, or some similar vehicle, why the petition should not be dismissed. And there is another troubling consequence of the majority opinion. Matakis did not file a direct appeal, and the postconviction court’s summary sua sponte denial effectively deprived Matakis of his right to one appellate review of his case. See Knaffla, 309 Minn. at 252, 243 N.W.2d at 741.
Given the unusual circumstances of this matter,[2] and the minimal effort required by the postconviction court to set a deadline for Matakis’s timely compliance with the statutory requirements or face dismissal of the petition, I conclude that the postconviction court abused its discretion and thus respectfully dissent from the majority opinion.

. The majority notes that Matakis had "nearly 30 days between the filing of his petition and the court's final order in which he could have amended the petition,” but rarely do our appellate rules impose a less-than-30-day deadline for significant events. This short period of time in fact supports, rather than undercuts, the argument that there was an abuse of discretion by the postconviction court. The abuse-of-discretion standard is general, flexible, and suggests considerable deference by appellate courts to district court rulings. But that deference is not unlimited and here, given the unreasonable timeframe, it is impossible to determine whether Matakis failed to submit additional materials because he lacked sufficient time, counsel was unavailable, or the materials do not exist.

. The majority's assertion that my alternative "encourages delay, and curtails the ability of postconviction courts to dispose of meritless claims” is overblown. First, this particular set of circumstances is unlikely to reoccur. Second, allowing late submissions in a small number of cases does not create an incentive to file an unsupported brief, which is, after all, a risky proposition just before the deadline. For example, we frequently extend deadlines for submission of briefs, but our leniency does not create an incentive to submit late documents. A narrowly tailored rule would in fact provide guidance as to when late submissions are allowed. By affirming on an abuse-of-discretion standard, the majority effectively forfeits review.