CHUTICH, Justice.
In this postconviction proceeding we consider whether the postconviction court abused its discretion when it denied appellant Prentis Cordell Jackson's petition for postconviction relief without holding an evidentiary hearing. Because the petition was filed more than 2 years after the disposition of his direct appeal and the facts alleged in the postconviction petition, if proven, would not have satisfied any exception to the 2-year statute of limitations, we affirm the postconviction court's decision.
FACTS
Following a jury trial in November 2006, Jackson was convicted of first-degree premeditated murder for fatally shooting Michael Anthony Bluntson, Jr.[1] See Minn. Stat. § 609.185(a)(1) (2018). On direct appeal from his conviction, Jackson raised the sole claim that the district court erred when it failed to instruct the jury on the requirement that an accomplice's testimony be corroborated. State v. Jackson (Jackson I ), 746 N.W.2d 894, 898 (Minn. 2008). We rejected that claim and affirmed Jackson's conviction by decision filed April 10, 2008. Id. at 900. Under the 2-year statute of limitations governing postconviction petitions, Minn. Stat. § 590.01, subd. 4(a)(2) (2018), Jackson's conviction became final 90 days after our April decision, that is, on July 9, 2008, because he did not file a petition for certiorari with the Supreme Court of the United States. See Berkovitz v. State , 826 N.W.2d 203, 207 (Minn. 2013).
*905 Jackson filed his first petition for postconviction relief in January 2013, asserting two claims. First, he sought a new trial because an eyewitness allegedly recanted his trial testimony. Jackson v. State (Jackson II ), 883 N.W.2d 272, 275 (Minn. 2016). Second, he claimed that a mandatory life sentence without the possibility of release was unconstitutional because he was a juvenile at the time of the offense. Id. at 276. We rejected the first claim, but ordered that he be resentenced in accordance with the decision in Montgomery v. Louisiana , --- U.S. ----, 136 S. Ct. 718, 193 L.Ed.2d 599 (2016), which was issued during the pendency of Jackson's postconviction appeal. Jackson II , 883 N.W.2d at 282. Jackson was then resentenced to life in prison with the possibility of release after 30 years.
Jackson filed his current petition for postconviction relief on February 12, 2018, asserting three claims of ineffective assistance of counsel during his trial and direct appeal. First, Jackson claims that his trial counsel was ineffective during plea negotiations. He alleges that, on the cusp of trial, the State offered him a plea deal that would have resulted in a sentence of 30 years in prison with the possibility of release after 20 years. He further alleges that his trial counsel advised him that the State would be unable to prove premeditation because the murder occurred in the "heat of passion." Based on this advice, Jackson rejected the State's offer. Second, Jackson claims that his trial counsel was ineffective for failing to request a jury instruction on lesser-included offenses. Third, Jackson claims that his appellate counsel was ineffective on direct appeal for failing to raise his trial counsel's ineffectiveness as grounds for reversing his conviction. The postconviction court denied the claims without holding an evidentiary hearing, concluding that Jackson's claims were time-barred under the 2-year statute of limitations.[2] Minn. Stat. § 590.01, subd. 4(a)(2). This appeal follows.
ANALYSIS
We review the postconviction court's decision to summarily deny a petition for postconviction relief for an abuse of discretion. Campbell v. State , 916 N.W.2d 502, 506 (Minn. 2018). An abuse of discretion occurs if the postconviction court "exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings." Reed v. State , 793 N.W.2d 725, 729 (Minn. 2010).
A postconviction court must hold an evidentiary hearing unless "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2018). But a court need not "hold an evidentiary hearing when the petitioner alleges facts that, if true, are legally insufficient to entitle him to the requested relief." Bobo v. State , 820 N.W.2d 511, 517 (Minn. 2012). Accordingly, a postconviction court may summarily deny a claim that is untimely under the 2-year statute of limitations. Colbert v. State , 870 N.W.2d 616, 622 (Minn. 2015).
The statute of limitations governing postconviction claims requires a petition to be filed within 2 years of "an appellate court's disposition of petitioner's direct appeal."
*906 [3] Minn. Stat. § 590.01, subd. 4(a)(2). It is undisputed that more than 2 years have passed since our disposition of Jackson's direct appeal. Consequently, Jackson's petition is untimely under the postconviction statute of limitations.
A postconviction court may hear an untimely petition, however, if the petitioner has alleged facts that, if true, would meet one of the five exceptions to the 2-year statute of limitations. A petition invoking one of the exceptions "must be filed within two years of the date the claim arises." Minn. Stat. § 590.01, subd. 4(c) (2018). In determining when a claim arose for purposes of subdivision 4(c), we apply an objective test that considers "when the petitioner knew or should have known that he had a claim" that could invoke one of the five exceptions in subdivision 4(b). Sanchez v. State , 816 N.W.2d 550, 560 (Minn. 2012) (emphasis added).
Jackson invokes the third and fifth exceptions in the postconviction statute. They are:
(3) the petitioner asserts a new interpretation of federal or state constitutional or statutory law by either the United States Supreme Court or a Minnesota appellate court and the petitioner establishes that this interpretation is retroactively applicable to the petitioner's case;
...
(5) the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice.
Minn. Stat. § 590.01, subd. 4(b)(3), (5) (2018).
Jackson maintains that the facts alleged concerning his first claim are sufficient to invoke the "new interpretation of constitutional law" exception of Minnesota Statutes section 590.01, subdivision 4(b)(3).[4] We disagree.
Jackson's first claim alleges that trial counsel was ineffective when he provided Jackson inaccurate legal advice regarding the State's plea offer. According to Jackson, the Supreme Court's decision in Lafler v. Cooper announced a new interpretation of constitutional law that is relevant to his first claim, namely: "[t]he fact that [the defendant] is guilty does not mean he was not entitled by the Sixth Amendment to effective assistance or that he suffered no prejudice from his attorney's deficient performance during plea bargaining." 566 U.S. 156, 169, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). But even if we assume that Lafler announced a new rule that applied retroactively to Jackson, his invocation of the "new interpretation of constitutional law" exception is untimely because Lafler was decided more than 2 years before Jackson filed his 2018 postconviction petition. See Tyree Leland Jackson v. State , 927 N.W.2d 308, 313 (Minn. 2019) (affirming the summary denial of postconviction relief "because Lafler was decided more *907 than 2 years before [Tyree Jackson] filed his petition").[5]
Jackson also asserts that the facts alleged in his petition are sufficient to invoke the interests-of-justice exception of Minnesota Statutes section 590.01, subdivision 4(b)(5). This assertion lacks merit.
To invoke the interests-of-justice exception, the claim must relate to "an injustice that caused the petitioner to miss the primary deadline in subdivision 4(a), not the substance of the petition." Sanchez , 816 N.W.2d at 557. It is "available only in rare and exceptional situations." Hooper v. State , 888 N.W.2d 138, 142 (Minn. 2016). In attempting to invoke the interests-of-justice exception, Jackson does not allege that any injustice occurred that prevented him from filing a timely petition. Instead, he argues that the conviction itself is a miscarriage of justice, which is an argument based on the substance of his petition. Consequently, even if facts alleged in the petition were proven by a preponderance of the evidence at an evidentiary hearing, they are legally insufficient to invoke the interests-of-justice exception. Minn. Stat. § 590.01, subd. 4(b)(5).
In sum, we conclude that the postconviction court did not abuse its discretion in summarily denying appellant's claims of ineffective assistance of counsel; the petition was filed more than 2 years after Jackson's direct appeal, and the facts alleged in the postconviction petition, even if proven at an evidentiary hearing, would not have satisfied any exception to the 2-year statute of limitations.
CONCLUSION
For the foregoing reasons, we affirm the decision of the postconviction court.
Affirmed.

The underlying facts of Jackson's crime are not relevant to the claims asserted in this postconviction petition. A full factual summary can be found in our earlier decisions in Jackson's case. See State v. Jackson (Jackson I ), 746 N.W.2d 894, 895-97 (Minn. 2008) (direct appeal); Jackson v. State (Jackson II ), 883 N.W.2d 272, 275-76 (Minn. 2016).

The postconviction court also concluded that Jackson's claims were procedurally barred under State v. Knaffla , 309 Minn. 246, 243 N.W.2d 737 (1976), and meritless. Because, as discussed below, we conclude that Jackson's claims are time-barred, we need not consider these alternative grounds for denying Jackson relief.

If no direct appeal is filed, the statute of limitations begins to run when the judgment of conviction or sentence is entered. Minn. Stat. § 590.01, subd. 4(a)(1).

Jackson's second and third claims are based on well-established law. See, e.g. , Sullivan v. State , 585 N.W.2d 782, 784 (Minn. 1998) (considering a claim of ineffective assistance of appellate counsel based on an underlying claim against trial counsel); Robinson v. State , 567 N.W.2d 491, 496 n.4 (Minn. 1997) (considering a claim that appellate counsel provided ineffective assistance by failing to raise on appeal trial counsel's failure to request a lesser-included-offense instruction). Consequently, the "new interpretation of constitutional law" exception of Minnesota Statutes section 590.01, subdivision 4(b)(3), does not apply to Jackson's second and third claims.

Although we need not decide whether Lafler announced a new interpretation of constitutional law, we observe that in Pearson v. State , 891 N.W.2d 590, 598 (Minn. 2017), we held that the Supreme Court's decision in Lafler did not satisfy the "novel legal basis" exception to the Knaffla rule. We reasoned that decisions of this court and the Supreme Court had previously acknowledged that the Sixth Amendment guarantee of effective assistance of counsel applied to plea negotiations. Id.