Jason Donald **MATAKIS**, petitioner, Appellant,

v.

**STATE of Minnesota, Respondent.**

**No. A13–1040.**

Court of Appeals of Minnesota.

Feb. 18, 2014.

---

Cathryn Middlebrook, Chief Appellate Public Defender, Sara J. Euteneuer, Assistant Public Defender, Jennifer L. Lauermann, Assistant Public Defender, St. Paul, MN, for appellant.

Lori Swanson, Attorney General, St. Paul, MN; and Donald F. Ryan, Crow Wing County Attorney, Rockwell J. Wells, Assistant County Attorney, Brainerd, MN, for respondent.

Considered and decided by HALBROOKS, Presiding Judge; PETERSON, Judge; and ROSS, Judge.

## OPINION

ROSS, Judge.[*]

Jason Matakis, who was convicted of criminal sexual conduct for sexually abusing his daughter for several years beginning when she was nine, filed a petition seeking to withdraw his guilty plea. He alleged that the plea was not knowing, voluntary, or intelligent. The petition included no facts, ostensibly because Matakis's counsel was unable to meet with him before filing the petition, but it promised to provide them in a forthcoming affidavit. The postconviction court dismissed the petition because it did not allege facts that provide grounds for relief. Because Ma-

takis's petition lacks the necessary factual allegations, we affirm.

## FACTS

Crow Wing County charged Jason Matakis with six counts of criminal sexual conduct for allegedly sexually abusing his daughter from age 9 to 11. Investigators recorded telephone conversations in which Matakis admitted to engaging in various sex acts with his daughter. Matakis agreed to enter an *Alford* guilty plea to one count of criminal sexual conduct in March 2011. The district court conducted a plea colloquy during which Matakis acknowledged that his plea was voluntary. The parties agreed to file statements from Matakis's daughter, her mother, and her mother's then-boyfriend, all indicating that Matakis had engaged in the criminal conduct alleged. These statements, along with the recordings of Matakis's conversations with law enforcement and the testimony at the plea hearing, provided the factual basis for his guilty plea. The district court accepted his plea and sentenced Matakis to a mandatory minimum sentence of 144 months on May 12, 2011. He did not directly appeal.

Matakis petitioned for postconviction relief on May 8, 2013. He filed his petition up against a deadline. Under the two-year statutory period, he had only until May 11, 2013, to file the petition. Minn. Stat. § 590.01, subd. 4(a)(1) (2012). His petition sought the district court's permission to withdraw his guilty plea because it had allegedly not been "knowing, voluntary or intelligent." But the petition did not include any factual allegations that would substantiate the claim that his plea was involuntary or unknowing. It declared instead that his counsel had encountered scheduling conflicts with the correctional facility where Matakis is incarcerated. The conflicts supposedly precluded his counsel from "finaliz[ing the relevant documentation] prior to" filing the petition, but counsel promised to provide the records, an affidavit from Matakis, and a memorandum of law at a later date.

The postconviction court rejected Matakis's petition for postconviction relief without holding an evidentiary hearing. It reasoned that the petition did not satisfy the statutory requirements for a petition for postconviction relief because it did not include a factual basis for the claims made. Matakis appeals.

## ISSUE

Did the postconviction court abuse its discretion by summarily denying Matakis's petition for postconviction relief because the petition lacked a factual statement supporting the claims raised while promising to supply the facts later?

## ANALYSIS

■ Matakis maintains that the postconviction court erroneously denied his petition. When a postconviction court denies a petition for postconviction relief, we review that decision for abuse of discretion. *Sontoya v. State,* 829 N.W.2d 602, 603 (Minn.2013). Postconviction courts must hold an evidentiary hearing on a petition for postconviction relief "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn.Stat. § 590.04, subd. 1 (2012). But a petitioner must comply with Minnesota's postconviction relief statute to obtain relief. *State v. Knaffla,* 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). That statute requires that the petition "shall contain ... a statement of the facts and the grounds upon which the petition is based ... unless they could not reasonably have been set forth therein." Minn.Stat. § 590.02, subd. 1 (2012).

An evidentiary hearing is not necessary if the petition does not allege facts "which, if proved, would entitle a petitioner to the requested relief." *Fratzke v. State*, 450 N.W.2d 101, 102 (Minn. 1990) (affirming the postconviction court's finding that vague allegations that trial counsel coached a witness and improperly dealt with evidence were too general to require a hearing); *see also Hodgson v. State*, 540 N.W.2d 515, 518 (Minn.1995) (affirming denial of relief without a hearing because petition "largely rest[ed] on unsupported assertions"). The district court therefore appropriately denies a petition without an evidentiary hearing when the petitioner makes only general allegations and does not furnish the court with affidavits or other supporting documents. *Townsend v. State*, 582 N.W.2d 225, 229 (Minn.1998).

Matakis argues that the postconviction court abused its discretion and should have held an evidentiary hearing because his petition alleges sufficient facts establishing that his plea was involuntary. We are not convinced. A defendant who pleads guilty may challenge his guilty plea by petition for postconviction relief, but to succeed he must show that the plea was not knowing, voluntary, or intelligent. *Brown v. State*, 449 N.W.2d 180, 182–83 (Minn.1989). The petitioner must allege *facts* that support the postconviction challenge to his guilty plea. *Id.* at 183. This rule holds even when the petitioner alleges that he was mentally incompetent at the time he entered his guilty plea. *Bruestle v. State*, 719 N.W.2d 698, 702–03, 705 (Minn.2006) (affirming denial of postconviction petition without evidentiary hearing because petitioner "presented no evidence," such as "affidavits from unaffiliated defense attorney experts to the effect that counsel's representation ... fell below an objective standard of reasonableness").

And a postconviction court is not required to conduct a hearing "on the basis of the potential of new, undisclosed information." *Id.* at 705.

Matakis did not comply with the statutory procedure for seeking postconviction relief. The postconviction petition demonstrates that Matakis did not allege facts which, if true, would support the conclusion that he did not enter his guilty plea knowingly, voluntarily, or intelligently. The postconviction court correctly observed that his petition consisted of argumentative assertions and did not include even implausible factual allegations that could support the conclusion that his guilty plea was involuntary. The statute does not require Matakis immediately to file an affidavit, memorandum, or other supporting document along with the petition, although one of these may have helped his case. Simply providing a short statement of alleged facts that could be tested at an evidentiary hearing would have sufficed. But Matakis's petition contains only the following statement:

> That the facts and grounds upon which this petition is based are as follows: Petitioner's plea was not knowingly, voluntarily, and intelligently made where there is reason to question the accuracy of the factual basis underlying the plea and the circumstances under which he pled guilty suggest that it was not voluntarily entered.

Matakis argues that the petition was drafted so vaguely because the postconviction statute directs petitioners to exclude arguments or citations to authority. The argument is not compelling. The missing factual allegations would not constitute "legal argument" or "citation to authority"; they would instead provide the statutorily required factual grounds on which legal arguments could be developed and citations could be made. The statute does not in-

vite or permit petitioners for postconviction relief to file a timely-yet-hollow petition on the promise to supply the factual basis later. Because the petition as written does not include any "statement of facts" that would undermine the apparent voluntariness of his guilty plea, we hold that the district court correctly determined that Matakis did not plead facts necessary to require an evidentiary hearing.

At oral argument, Matakis's counsel also asserted that the petition could not have reasonably specified the necessary facts because she was unable to meet with Matakis due to scheduling conflicts with the correctional facility. This assertion cannot overcome the statutory requirement to allege facts *in the petition.* Nor does it trigger the exception for circumstances in which the required factual statement "*could not* reasonably have been set forth" in the petition. This is because Matakis had two years in which to draft and file his petition, and two years is ample time to overcome prison-related scheduling issues and inform his counsel of the facts necessary to support his involuntary-plea theory. And his counsel did not identify any extenuating circumstances that would mitigate Matakis's failure to make any factual allegations in his petition. We also observe that despite the petition's offer of a later factual affidavit, almost a month passed between the petition and the dismissal, during which period Matakis never filed an affidavit or sought to amend his petition. The postconviction court therefore did not abuse its discretion by denying the request for a hearing.

Matakis next contends that denying his petition without a hearing deprived him of his right to an appeal because he did not pursue a direct appeal. He argues that his case is distinguishable from those where the postconviction court dismissed a petition without a hearing because those petitioners had received appellate review on direct appeal. He is correct that a defendant's single appeal by right may take the form of a petition for postconviction relief if he does not pursue a direct appeal. *Deegan v. State,* 711 N.W.2d 89, 94 (Minn.2006). Defendants who enter guilty pleas may choose to challenge their plea on direct appeal or by seeking postconviction relief. *Brown,* 449 N.W.2d at 183. But one who chooses the postconviction route also chooses the obligation to meet the requirements of the postconviction statute. *Id.* Matakis did not meet those basic requirements, and his failure defeats his petition.

## DECISION

Matakis bore the burden of pleading facts which, if true, would support his petition for postconviction relief. Because we conclude that his petition does not allege any facts necessary to justify the relief he seeks and its promise of a later pleading is insufficient, we hold that the postconviction court did not abuse its discretion by denying Matakis's petition.

**Affirmed.**