STATE OF MINNESOTA

IN SUPREME COURT

A13-1040

Court of Appeals                                                    Gildea, C.J.
                                            Dissenting, Anderson, Page, and Lillehaug, JJ.

Jason Donald Matakis,

                    Appellant,

vs.                                                      Filed:  April 8, 2015
                                                  Office of Appellate Courts
State of Minnesota,

                    Respondent.

_____

Bradford Colbert, Legal Assistance to Minnesota Prisoners, Saint Paul, Minnesota, for appellant.

Lori Swanson, Attorney General, Saint Paul, Minnesota; and

Donald F. Ryan, Crow Wing County Attorney, Rockwell J. Wells, Assistant County Attorney, Brainerd, Minnesota, for respondent.

_____

S Y L L A B U S

Because appellant did not plead any facts in his petition for postconviction relief to support his claim that his guilty plea was invalid, the postconviction court did not abuse its discretion when it denied the petition.

Affirmed.

GILDEA, Chief Justice.

Appellant Jason Matakis pleaded guilty to one count of first-degree criminal sexual conduct, Minn. Stat § 609.342, subd. 1(h)(iii) (2014), and was sentenced to 144 months in prison. He later filed a petition for postconviction relief alleging that his guilty plea was not knowingly, voluntarily, and intelligently made. The postconviction court denied the petition without an evidentiary hearing, concluding that the petition lacked factual support and failed to meet the substantive requirements for a postconviction petition. Matakis appealed, and the court of appeals affirmed. *Matakis v. State*, 842 N.W.2d 689, 693 (Minn. App. 2014). Because we conclude that the postconviction court did not abuse its discretion, we affirm.

This case arises from statements 13-year-old A.I.M. made in an interview with a Crow Wing County social worker. Specifically, A.I.M. said that Matakis engaged in sexual intercourse with her almost every night when she was between the ages of 9 and 11. The social worker reported the allegations to law enforcement. During a subsequent phone conversation with an investigator from the Brainerd Police Department, Matakis admitted to sexually touching A.I.M. from approximately July 2007 to January 2008. He admitted that he touched her over her underwear, usually a day or two before her period because he thought she seemed more receptive to it then. He also admitted rubbing his penis against her, over her underwear, and said that she would get on top of him and rub against him, sometimes until he ejaculated. Matakis guessed that

he did this to her 9 or 10 times, but he repeatedly denied that there was ever any penetration.

Respondent State of Minnesota charged Matakis in Crow Wing County District Court with three counts of criminal sexual conduct in the first degree under Minn. Stat. § 609.342 (2014) and three counts of criminal sexual conduct in the second degree under Minn. Stat. § 609.343 (2014).[1]

Matakis entered an *Alford* guilty plea[2] to one count of criminal sexual conduct in the first degree, in violation of Minn. Stat. § 609.342, subd. 1(h)(iii), which criminalizes sexual penetration with a person under 16 years of age when the actor has a significant

---

[1] With respect to the first-degree charges, Minn. Stat. § 609.342, subd. 1(a), requires sexual penetration with a person under 13 years of age when the actor is more than 36 months older than the complainant; Minn. Stat. § 609.342, subd. 1(g), requires sexual penetration with a person under 16 years of age when the actor has a significant relationship to the complainant; and Minn. Stat. § 609.342, subd. 1(h)(iii), requires sexual penetration with a person under 16 years of age when the actor has a significant relationship to the complainant and multiple acts have been committed over an extended period of time.

With respect to the second-degree charges, the statute requires sexual contact rather than sexual penetration. Minn. Stat. § 609.343, subd. 1(a), requires sexual contact with a person under 13 years of age when the actor is more than 36 months older than the complainant; Minn. Stat. § 609.343, subd. 1(g), requires sexual contact with a person under 16 years of age when the actor has a significant relationship to the complainant; and Minn. Stat. § 609.343, subd. 1(h)(iii), requires sexual contact with a person under 16 years of age when the actor has a significant relationship to the complainant and multiple acts have been committed over an extended period of time.

[2] An *Alford* plea is a guilty plea in which a defendant maintains his innocence but pleads guilty because the evidence is sufficient to support a jury's determination of guilt. *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970); *State v. Goulette*, 258 N.W.2d 758, 760-61 (Minn. 1977) (following *Alford* in accepting a guilty plea without an admission of guilt).

relationship to the complainant and there have been multiple acts committed over an extended period of time. The plea agreement stated that Matakis would serve the mandatory minimum prison sentence of 144 months. Although he did not admit to sexual penetration with A.I.M., Matakis admitted he would be found guilty of that offense if A.I.M. testified consistent with her recorded statement. The district court accepted Matakis's plea, and, consistent with the plea agreement, the court sentenced Matakis to 144 months. Matakis did not file a direct appeal.

On May 10, 2013, 3 days before the expiration of the 2-year statute of limitations for postconviction relief,[3] Matakis filed a postconviction petition, seeking to withdraw his guilty plea. In his petition, Matakis argued that his guilty plea "was not knowingly, voluntarily, and intelligently made where there is reason to question the accuracy of the factual basis underlying the plea and the circumstances under which he pled guilty suggest that it was not voluntarily entered." The petition included no additional facts or documentation, instead stating that "[c]ounsel attempted to arrange a visit with [Matakis] at [the prison] to obtain the necessary documentation for this petition," but "the documentation could not be finalized prior to the filing of this petition" because of "conflicting schedules with caseworkers at [the prison] and counsel." The petition then

---

[3]    Minnesota Statutes § 590.01, subd. 4(a) (2014), provides that a petition for postconviction relief must be filed no more than 2 years after the later of "the entry of judgment of conviction or sentence if no direct appeal is filed." Matakis's 2-year period began on May 12, 2011, when the district court filed its sentencing order. May 12, 2013 was a Sunday, and "[w]hen the last day of the period falls on Saturday, Sunday, or a legal holiday, that day shall be omitted from the computation." Minn. Stat. § 645.15 (2014). Therefore, the statute of limitations expired on Monday, May 13, 2013.

4

stated that "[c]ounsel will obtain the necessary records, and then provide a Memorandum of Law in Support of the Petition for Postconviction Relief with an affidavit from [Matakis]."

On June 4, 2013, without Matakis having filed a memorandum, the postconviction court denied Matakis's request for relief. The court concluded that Matakis "did not fulfill the basic content requirements" of a postconviction petition. The court noted that Matakis's petition "does not state that the lack of documentation unreasonably prohibited [Matakis] from providing any factual basis at all to accompany the Petition as required by the statute."

The court of appeals affirmed, noting that the petition "consisted of argumentative assertions and did not include even implausible factual allegations that could support the conclusion that his guilty plea was involuntary." *Matakis*, 842 N.W.2d at 692. The court concluded that although Matakis had a right to an appeal, "one who chooses the postconviction route also chooses the obligation to meet the requirements of the postconviction statute." *Id.* at 693. The court held that "Matakis did not meet those basic requirements, and his failure defeats his petition." *Id.* We granted Matakis's petition for review.

I.

On appeal to our court, Matakis argues that the postconviction court erred by denying his petition for postconviction relief without providing him notice or an opportunity to be heard. We review the denial of a petition for postconviction relief for an abuse of discretion. *Sontoya v. State*, 829 N.W.2d 602, 603 (Minn. 2013). We review

5

legal issues de novo, but on factual issues our review "is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings." *Vance v. State*, 752 N.W.2d 509, 512 (Minn. 2008). We will not reverse an order "unless the postconviction court exercised its discretion in an arbitrary or capricious manner, based its ruling on an erroneous view of the law, or made clearly erroneous factual findings." *Reed v. State*, 793 N.W.2d 725, 729 (Minn. 2010).

A.

The postconviction court concluded that Matakis had not supplied any facts to support his claim for relief, and therefore denied his petition without holding an evidentiary hearing. Minnesota Statutes § 590.02, subd. 1 (2014), lists the requirements for filing a proper postconviction petition. This statute provides, in part, that the petition shall contain "a statement of the facts and the grounds upon which the petition is based and the relief desired. All grounds for relief must be stated in the petition or any amendment thereof unless they could not reasonably have been set forth therein." Minn. Stat. § 590.02, subd. 1(1). Matakis does not argue that his petition set forth the factual basis for his contention that his plea was invalid. But he argues that the postconviction court should have given him a greater opportunity to provide that information.

Matakis notes that Minn. Stat. § 590.04, subd. 1 (2014), provides that a postconviction court shall hold an evidentiary hearing "[u]nless the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no

6

relief."[4]  We have held, however, that an evidentiary hearing is "not required unless facts are alleged which, if proved, would entitle a petitioner to the requested relief."  *Fratzke v. State*, 450 N.W.2d 101, 102 (Minn. 1990).  In *Fratzke*, the petition asserted ineffective assistance of counsel and alleged "that trial counsel did not properly handle hearsay and inconsistent testimony and coached" a witness who testified for the State.  *Id.*  The postconviction court found that these allegations were "too generalized to warrant an evidentiary hearing," and we agreed.  *Id.*

In *Townsend v. State*, the petitioner also argued ineffective assistance of counsel, and asserted that his "Sixth Amendment rights were violated due to the ineffectiveness of [appellate] counsel, during the process of his appeal."  582 N.W.2d 225, 229 (Minn. 1998) (alteration in original) (internal quotation marks omitted).  The petitioner did not elaborate or offer any supporting affidavits or documents.  *Id.*  We concluded that, "[h]aving only a general allegation before it, the postconviction court did not err in refusing to hold an evidentiary hearing on this issue."  *Id.*  Similarly, in *Hodgson v. State*, we noted that a postconviction "petitioner's allegations must be 'more than argumentative assertions without factual support.' "  540 N.W.2d 515, 517 (Minn. 1995) (quoting *Beltowski v. State*, 289 Minn. 215, 217, 183 N.W.2d 563, 564 (1971)).

---

[4]     The dissent argues that we ignore the plain language of Minn. Stat. § 590.04, subd. 1, because Matakis's petition does not "conclusively show" anything.  Contrary to the dissent's argument, the petition's complete absence of facts conclusively shows that Matakis failed to meet the statute's requirement that the petition include "a statement of the facts and the grounds upon which the petition is based and the relief desired."  Minn. Stat. § 590.02, subd. 1(1).  Because Matakis's petition plainly did not meet the statutory requirements, the petition conclusively showed no basis for relief.

Matakis's petition is even more devoid of factual support than the petitions in those cases. Matakis submitted only a conclusory allegation, stating that his guilty plea "was not knowingly, voluntarily, and intelligently made where there is reason to question the accuracy of the factual basis underlying the plea and the circumstances under which he pled guilty suggest that it was not voluntarily entered." But the petition provides no "reason to question the accuracy of the factual basis underlying the plea." Accordingly, the petition lacks a factual basis for the suggestion that the guilty plea was improper.

Matakis nevertheless attempts to distinguish this case from *Fratzke*, *Townsend*, and *Hodgson* by noting that in each of those cases, the defendant had received review by direct appeal. But nothing in our analysis in those cases suggests that a prior direct appeal affects the statutory requirements for a postconviction petition. Moreover, we have previously upheld a postconviction court's denial of a petition without an evidentiary hearing even when there was no direct appeal. *See Vickla v. State*, 793 N.W.2d 265, 268, 272 (Minn. 2011).

It is true, as Matakis argues, that petitions for postconviction relief must be "liberally construe[d]." Minn. Stat. § 590.03 (2014) ("The court shall liberally construe the petition and any amendments thereto and shall look to the substance thereof and waive any irregularities or defects in form."). As we stated in *Riley v. State*, "the postconviction court must determine whether the facts considered in the light most favorable to the petition, together with the arguments presented by the parties, 'conclusively show' that the petitioner is not entitled to relief." 819 N.W.2d 162, 167 (Minn. 2012) (citing Minn. Stat. § 590.04, subd. 1 (2010)). We concluded in *Riley* that a

8

petition may be dismissed without an evidentiary hearing "[i]f the court concludes there are no material facts in dispute that preclude dismissal." *Id.* But if there are no facts alleged in the petition, then the postconviction court can only conclude that there are no facts in dispute. Here, there are simply no facts at all to construe, "liberally" or otherwise.

Finally, we have independently reviewed the record and our review discloses nothing to suggest that Matakis's guilty plea was improper. We have held that there are "three prerequisites to a valid guilty plea: it must be accurate, voluntary and intelligent (i.e., knowingly and understandingly made)." *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). The accuracy requirement exists to "protect a defendant from pleading guilty to a more serious offense than he could be convicted of" if he were to go to trial. *State v. Trott*, 338 N.W.2d 248, 251 (Minn. 1983). In the context of an *Alford* plea, an adequate factual basis must be established to "ensure[] the plea is voluntary and represents 'an intelligent choice of the alternative courses of action available.' " *Ecker*, 524 N.W.2d at 716 (citing *State v. Goulette*, 258 N.W.2d 758, 761 (Minn. 1977)).

In *State v. Theis*, we outlined the factual basis necessary for a proper *Alford* plea. 742 N.W.2d 643, 647-49 (Minn. 2007). We said that "the better practice is for the factual basis to be based on evidence discussed with the defendant on the record at the plea hearing." *Id.* at 649. Here, the State discussed its evidence with Matakis at his plea hearing. Specifically, the prosecutor asked Matakis, regarding A.I.M.'s statement, "[I]s it true when you look at the statement that she provided to law enforcement that she had made some [allegations] in there that you engaged in sexual intercourse with her on a

9

number of occasions over that time period when she was between the ages of 9 to 11, correct?" Matakis responded, "Yes, she had made that allegation." Subsequent questioning confirmed more details about Matakis's knowledge of A.I.M.'s allegations, and of Matakis's own admissions made in his statement to investigators.

Additionally, a defendant who enters an *Alford* plea must, despite maintaining his innocence, agree that the evidence the State is likely to offer at trial is sufficient to convict. *Theis*, 742 N.W.2d at 649. In *Theis*, the defendant agreed that there was a "risk" he would be found guilty, but we concluded that such a response was not sufficient to meet the standard for accuracy. *Id.* at 650. Here, Matakis agreed that, if A.I.M. were to testify consistent with her previous statement, he "could be found guilty of . . . criminal sexual conduct in the first degree." The use of "could" might be comparable to the "risk" language from *Theis*. Later, however, the judge more definitively asked, "Mr. Matakis, you'd acknowledge that you believe the State *would* have sufficient evidence to find you guilty if the matter went to trial?" (emphasis added). Matakis responded, "Yes." In sum, our review of the record provides no reason to question whether the factual basis of Matakis's *Alford* plea was adequately established during his plea hearing.

We acknowledge that Matakis may possess factual support for his claim that was not provided in the petition, but under the postconviction statute, the postconviction court is not required to order an evidentiary hearing purely on the basis of the potential of new, undisclosed information. *Bruestle v. State*, 719 N.W.2d 698, 705 (Minn. 2006).

10

B.

Matakis nevertheless argues that the postconviction court erred when it sua sponte denied his petition without providing him notice or an opportunity to be heard.[5] Matakis suggests that the postconviction court "should have provided [him] with notice that it intended to dismiss the Petition for failing to state a factual basis, and an opportunity to be heard on this issue." Matakis contends that this sua sponte decision to dismiss is distinct from the decision to deny a petition without an evidentiary hearing, as in *Townsend*, *Fratzke*, and *Hodgson*.

Matakis analogizes his situation to *Day v. McDonough*, a U.S. Supreme Court case addressing the denial of a federal habeas corpus petition. 547 U.S. 198 (2006). In *Day*,

---

[5]     The State filed a motion to strike this argument from Matakis's brief because it was not raised at the court of appeals or in his petition for review. We "typically do not review issues not raised in the petition." *Daly v. McFarland*, 812 N.W.2d 113, 126 n.6 (Minn. 2012). It is true that Matakis never used the phrase "sua sponte" in his brief to the court of appeals or in his petition for review. Matakis argues, however, that he is simply making the same argument with a different label. We agree. Matakis's petition for review asked whether a postconviction court is "allowed to dismiss a petition based on a procedural defect when the defendant has not had prior review of his conviction and would then be foreclosed from re-filing the petition due to the statutory two-year deadline[.]" Matakis also asserted in his petition for review that the district court dismissed his petition "without providing review on the merits, holding an evidentiary hearing or allowing petitioner to amend the petition." Matakis's brief to the court of appeals similarly argued that the postconviction court did not allow Matakis "an opportunity to address what it viewed as deficiencies in the petition and then denied Mr. Matakis his right to one review."

Although not using the phrase "sua sponte," the main thrust of these arguments is that the postconviction court erred when it summarily denied the petition without giving Matakis an opportunity to present his evidence or amend the petition, and that the postconviction court's actions deprive Matakis of his only right to review. The essential components of this argument are the same as the argument Matakis raised to us. Accordingly, we deny the State's motion to strike this argument from Matakis's brief.

11

the petitioner filed his habeas petition after the expiration of the statutory filing period, but the State erred in its calculation of the filing deadline and did not raise a timeliness defense. *Id.* at 203. The district court sua sponte dismissed the petition as untimely. *Id.* at 204. The Supreme Court held that district courts are permitted to raise the issue of timeliness on their own, but before dismissal based on timeliness, a court must first give the parties fair notice and an opportunity to present their positions. *Id.* at 209-10.

*Day* is not dispositive here because *Day* involved a statute of limitations, which is a waivable affirmative defense. *Id.* at 207-08 ("Under the Civil Procedure Rules, a defendant forfeits a statute of limitations defense not asserted in its answer or an amendment thereto." (citation omitted) (citing Fed. R. Civ. Pro. 8(c), 12(b), and 15(a))). This case, by contrast, does not involve a waivable affirmative defense. What is at issue here is the postconviction statute's threshold requirement that a postconviction petition "shall contain" a statement of the facts in order for the court to review the conviction. Minn. Stat. § 590.02, subd. 1(1); *see also* Minn. Stat. § 590.04, subd. 1 (giving the postconviction court authority to rule without a hearing if the petition "conclusively show[s] that the petitioner is entitled to no relief"). *Day*, therefore, is not helpful to our analysis.

And even if *Day* were applicable, the postconviction court cannot be said to have acted sua sponte. Although the State did not specifically argue that the petition lacked the factual support required by Minn. Stat. § 590.02, subd. 1(1), the State did request that the court deny the petition for postconviction relief because the plea transcript showed "no basis" for Matakis's claim. Accordingly, the postconviction court was not acting

without prompting when it denied the petition based on the lack of factual basis for Matakis's claim.

Additionally, by promising to submit documentation later, Matakis demonstrated that he already had notice that his petition was factually deficient. Minnesota Statutes § 590.03 (2014) allows the postconviction court to permit amendments to the petition, but in the month between the filing of the petition and the postconviction court's order, Matakis did not attempt to do so.[6] Matakis notes that Minn. Stat. § 590.03 also requires the court to "look to the substance thereof and waive any irregularities or defects in form," but a complete absence of facts is not merely a defect in form; the complete absence of facts leaves the court without any substance to examine.

---

[6] After we granted Matakis's petition for review, Matakis filed a motion to stay the appellate proceedings in order to submit evidence to the district court about his former attorney's alleged ineffectiveness. The motion included a supporting affidavit from Matakis's new attorney, which asserted several facts suggesting that Matakis's former counsel was to blame for the deficiencies in his petition. We denied the motion to stay.

Matakis did not raise an ineffective-assistance-of-appellate counsel claim in his petition, so the extent to which he might be entitled to relief based on such a claim is not before us, and we express no opinion about the merits of an ineffective-assistance-of-counsel claim should Matakis choose to bring one, or on the applicability of the statute of limitations or any of its exceptions, *see* Minn. Stat. § 590.01, subd. 4 (2014), to such a petition.

The State filed a motion to strike from Matakis's brief and addendum the motion to stay, the accompanying affidavit, and any references thereto, on the ground that they are not part of the record on appeal pursuant to Minn. R. Crim. P. 28.02, subd. 8. This information is relevant only to the potential ineffectiveness of Matakis's former counsel. Because the issue of counsel's effectiveness is not before us, we deny the State's motion to strike as moot. *See State v. Davis*, 773 N.W.2d 66, 68 n.2. (Minn. 2009) ("Because we do not decide this issue, Davis' motion to strike portions of the State's appendix and the State's motion to strike portions of Davis' appendix are denied as moot.").

We are aware that Matakis did not file a direct appeal and that our decision today may mean that his guilty plea will not be subject to appellate review. Matakis argues, based on *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976), that a convicted defendant has the right to at least one review by an appellate or postconviction court. The right to one review is not without limitation, however. We have held that a postconviction petitioner who has not previously had a direct appeal must still be "in compliance with the procedural requirements of the Postconviction Remedy Act." *Deegan v. State*, 711 N.W.2d 89, 94 (Minn. 2006). We have further held, in the context of a postconviction petition filed after the 2-year time limit, that we "cannot rewrite . . . the postconviction statute to provide an additional exception . . . for those . . . whose convictions were not reviewed on direct appeal." *Carlton v. State*, 816 N.W.2d 590, 609 (Minn. 2012). The lack of a direct appeal therefore does not automatically trigger the right to a hearing when the postconviction petition fails to meet the requirements of Minn. Stat. ch. 590.

The postconviction court certainly *could* have warned Matakis that his petition was deficient and, as the dissent suggests, given Matakis a window of time to amend the petition by adding factual support (though, as a practical matter, Matakis did in fact have nearly 30 days between the filing of his petition and the court's final order in which he could have amended the petition).[7] But we must review the postconviction court's order

---

[7]    What the postconviction court did here was not dissimilar to how we have handled arguments for which parties do not provide any factual support. *See State v. Bartylla*, 755 N.W.2d 8, 22-23 (Minn. 2008) (refusing to consider pro se claims "that are

(Footnote continued on next page.)

for an *abuse of discretion*, and we cannot say that the court's decision not to provide this opportunity was an abuse of its discretion.[8] *See State v. Blom*, 682 N.W.2d 578, 613 (Minn. 2004) (stating that the mere fact that another district court, in the proper exercise of its discretion, may have reached a different result on the same facts, does not mean the district court abused its discretion). If a petition does not meet the statutory requirements, it is within the postconviction court's discretion to dismiss it. *See Townsend*, 582 N.W.2d at 229 (affirming the postconviction court's summary denial of a petition without an evidentiary hearing due to a lack of factual support, without requiring any other hearing or opportunity for the petitioner to clarify); *see also Laine v. State*, 786 N.W.2d 635, 638-39 (Minn. 2010) (holding that appellant's assertion that he had new medical testimony did not warrant an evidentiary hearing when the appellant offered "no

___

(Footnote continued from previous page.)
unsupported by either arguments or citations to legal authority"); *Schleicher v. State*, 718 N.W.2d 440, 446 n.6 (Minn. 2006) (dismissing a catchall claim because it lacked factual support); *Azure v. State*, 700 N.W.2d 443, 448 n.1 (Minn. 2005) (refusing to consider ineffective assistance claims because the allegations were mere argumentative assertions without factual support); *State v. Krosch*, 642 N.W.2d 713, 719 (Minn. 2002) (deeming allegations waived when the brief contained "no argument or citation to legal authority in support of the allegations").

[8]    The dissent argues that an unfortunate probable consequence of our decision will be an additional petition alleging ineffective assistance of counsel. But the alternative the dissent proposes allows petitioners to, in effect, rewrite the postconviction statute's time limitation provisions, Minn. Stat. § 590.01, subd. 4, and the statute's requirement that the petition "shall contain . . . a statement of the facts and the grounds upon which the petition is based." Minn. Stat. § 590.02, subd. 1(1). Under the dissent's rule, petitioners could simply file a petition devoid of substance right before the time deadline and wait for the postconviction court to provide a new deadline to fill in the blanks. Such a process is contrary to the statute, encourages delay, and curtails the ability of postconviction courts to dispose of meritless claims.

15

support for his assertion"); *Bruestle*, 719 N.W.2d at 706 (holding that the postconviction court did not abuse its discretion when it denied without a hearing a petition that lacked an evidentiary basis); *Fratzke*, 450 N.W.2d at 102-03 (affirming a postconviction court's denial of a petition without a hearing when the allegations were too generalized). Matakis did not provide a single factual allegation to support his claim that his guilty plea was not knowingly, voluntarily, or intelligently made, and his petition consequently did not meet the requirements of Minn. Stat. § 590.02, subd. 1(1). We therefore hold that the postconviction court did not abuse its discretion, and we affirm the postconviction court's denial of Matakis's petition.

Affirmed.

D I S S E N T

ANDERSON, Justice (dissenting).

I respectfully dissent. We have stated that "a convicted defendant is entitled to at least one right of review by an appellate or postconviction court." *State v. Knaffla*, 309 Minn. 246, 252, 243 N.W.2d 737, 741 (1976). The majority's decision deprives appellant Jason Matakis of that opportunity.

Matakis filed an admittedly incomplete petition for postconviction relief, just a few days before the 2-year statute of limitations would have expired. *See* Minn. Stat. § 590.01, subd. 4(a)(1) (2014). The petition asserted that Matakis's guilty plea was not knowing, voluntary, or intelligent, but provided no facts to support his claim. Instead, Matakis promised to later submit an affidavit and memorandum containing the necessary evidence. His opportunity to do so vanished, however, when the postconviction court summarily, and without notice to Matakis, denied his petition. This action was contrary to the plain language of the postconviction statute and was not supported by our case law, and therefore constituted an abuse of discretion.

In *Fratzke v. State*, we stated that an evidentiary hearing "is not required unless facts are alleged which, if proved, would entitle a petitioner to the requested relief." 450 N.W.2d 101, 102 (Minn. 1990). The majority believes we need look no further: Matakis alleged no facts at all, let alone facts that entitle him to relief, so a hearing is unnecessary. But the majority ignores the plain language of the postconviction statute, which provides that an evidentiary hearing must be ordered "[u]nless the petition and the files and records of the proceeding *conclusively show* that the petitioner is entitled to no

relief." Minn. Stat. § 590.04, subd. 1 (2014) (emphasis added). By Matakis's own admission, his petition was incomplete; it did not "conclusively show" anything. The postconviction court could have required that Matakis amend his petition within 30 days or by some other timeline it deemed fair and reasonable.[1] Or the court could have requested an affidavit outlining the materiality of the evidence Matakis sought to provide. Instead, the postconviction court simply dismissed Matakis's petition, sua sponte, with no notice to Matakis.

The majority cites no case directly on point, because these circumstances have not previously been presented to our court. Instead, the majority relies on several cases in which dismissal of postconviction proceedings without holding an evidentiary hearing was appropriate because the petition presented generalized grievances rather than "a statement of the facts and the grounds upon which the petition is based and the relief desired." Minn. Stat. § 590.02, subd. 1(1) (2014); *see, e.g.*, *Laine v. State*, 786 N.W.2d 635, 638-39 (Minn. 2010) (concluding that the petitioner's claim was an "argumentative assertion" that lacked any support); *Townsend v. State*, 582 N.W.2d 225, 229 (Minn. 1998) (observing the petition contained merely a "general allegation" devoid of

---

[1]    The majority notes that Matakis had "nearly 30 days between the filing of his petition and the court's final order in which he could have amended the petition," but rarely do our appellate rules impose a less-than-30-day deadline for significant events. This short period of time in fact supports, rather than undercuts, the argument that there was an abuse of discretion by the postconviction court. The abuse-of-discretion standard is general, flexible, and suggests considerable deference by appellate courts to district court rulings. But that deference is not unlimited and here, given the unreasonable timeframe, it is impossible to determine whether Matakis failed to submit additional materials because he lacked sufficient time, counsel was unavailable, or the materials do not exist.

"supporting affidavits or other documents"); *Fratzke*, 450 N.W.2d at 102 (concluding that ineffective-assistance-of-counsel claim contained merely a "generalized allegation[] of incompetence"). The situation at hand differs from these cases, however, because Matakis indicated that additional evidence existed and was forthcoming. Thus, although I agree with the majority that Matakis's petition was insufficient, dismissal was not the proper remedy.

It is also worth noting that the State sought dismissal of the petition, not because of the incomplete petition for postconviction relief, but rather on the merits of the claim. It is entirely possible, and perhaps even likely as the State suggests, that even with the benefit of the promised evidence, Matakis's petition would have lacked particularized facts that would entitle him to relief. But the abrupt action of the postconviction court in granting relief on a ground not advanced by anyone deprived Matakis of the opportunity to present whatever evidence he had. This, too, is indicative of an abuse of discretion.

I am mindful of the volume of cases and disputes handled by our district courts and the intent of the Legislature, by enacting chapter 590, to dispose of meritless postconviction appeals. But one unfortunate, yet almost certain, consequence of the majority opinion here is an additional postconviction petition alleging ineffective assistance of appellate counsel that could have been avoided by an order to show cause, or some similar vehicle, why the petition should not be dismissed. And there is another troubling consequence of the majority opinion. Matakis did not file a direct appeal, and the postconviction court's summary sua sponte denial effectively deprived Matakis of his

right to one appellate review of his case.  *See Knaffla*, 309 Minn. at 252, 243 N.W.2d at 741.

Given the unusual circumstances of this matter,[2] and the minimal effort required by the postconviction court to set a deadline for Matakis's timely compliance with the statutory requirements or face dismissal of the petition, I conclude that the postconviction court abused its discretion and thus respectfully dissent from the majority opinion.


PAGE, Justice (dissenting).

I join in the dissent of Justice Anderson.

LILLEHAUG, Justice (dissenting).

I join in the dissent of Justice Anderson.

---

[2]    The majority's assertion that my alternative "encourages delay, and curtails the ability of postconviction courts to dispose of meritless claims" is overblown.  First, this particular set of circumstances is unlikely to reoccur.  Second, allowing late submissions in a small number of cases does not create an *incentive* to file an unsupported brief, which is, after all, a risky proposition just before the deadline.  For example, we frequently extend deadlines for submission of briefs, but our leniency does not create an incentive to submit late documents.  A narrowly tailored rule would in fact provide guidance as to when late submissions are allowed.  By affirming on an abuse-of-discretion standard, the majority effectively forfeits review.