*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0171**

Jimmie Dunlap, Jr., petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed August 15, 2016
Affirmed
Ross, Judge**

Hennepin County District Court
File No. 27-CR-12-30208

Cathryn Middlebrook, Chief Appellate Public Defender, Richard A. Schmitz, Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Lee W. Barry, Assistant County Attorney, Minneapolis, Minnesota (for respondent)

Considered and decided by Stauber, Presiding Judge; Ross, Judge; and Johnson, Judge.

**U N P U B L I S H E D   O P I N I O N**

**ROSS**, Judge

Jimmie Dunlap Jr. broke into the apartment of his former girlfriend, who was protected from Dunlap by a domestic-abuse no-contact order. After pleading guilty to first-

degree burglary under a plea agreement, Dunlap unsuccessfully petitioned for postconviction relief to withdraw his guilty plea on the basis that the plea was inaccurate. He now challenges the district court's denial of his postconviction petition.

For the following reasons, we deem Dunlap's plea accurate, and we affirm.

## DECISION

We review a district court's denial of a postconviction petition for an abuse of discretion. *Matakis v. State*, 862 N.W.2d 33, 36 (Minn. 2015). We review legal issues de novo, but our review of factual issues is limited to determining whether sufficient evidence in the record supports the district court's findings. *Id.*

Dunlap maintains only that his guilty plea was not accurate. He has no absolute right to withdraw his guilty plea. *See State v. Raleigh*, 778 N.W.2d 90, 93 (Minn. 2010). But the court must allow a defendant to withdraw his guilty plea after sentencing if doing so is necessary to avoid a manifest injustice, and a manifest injustice occurs if, among other things, the guilty plea was not accurate. Minn. R. Crim. P. 15.05, subd. 1; *Raleigh*, 778 N.W.2d at 94. We are satisfied that Dunlap's guilty plea was accurate.

Dunlap pleaded guilty to first-degree burglary under Minnesota Statutes section 609.582, subdivision 1(a) (2010). He was guilty of this crime if he entered a dwelling without consent, entered it to commit a crime while in the dwelling, and was inside the dwelling at any time while another person was present. Minn. Stat. § 609.582, subd. 1(a).

The following exchange occurred between Dunlap and his counsel at the plea hearing to establish the factual basis for the guilty plea:

> Q: Sir, on June 27, 2012 you were in Brooklyn Center, right?

2

A: Yes.
Q: And that's in Hennepin County, Minnesota?
A: Yes.
Q: And at that time you entered an apartment without permission, right?
A: Yes.
Q: And while you were there you would agree that you committed a crime, true?
A: Yes.
Q: Now the crime you committed is that you violated the domestic abuse no contact order that was in place, correct?
A: Yes.

The district court intervened and questioned Dunlap further:

THE COURT: Well, the domestic abuse no contact order was with [L.M.E.]?
THE DEFENDANT: Yes.
THE COURT: And she was present at the home at the time?
THE DEFENDANT: Yes.

Dunlap argues that the admitted facts do not support his plea, citing *State v. Colvin*, 645 N.W.2d 449 (Minn. 2002). He is mistaken. In *Colvin*, the supreme court held that violating the no-entry provision of an order for protection cannot support the independent-crime element of burglary, which carries its own entry element. 645 N.W.2d at 454. But Dunlap did not violate merely the no-entry provision of the no-contact order; he violated the no-contact provision of the order. The *Colvin* court suggested in dicta that violating the provision of an order for protection prohibiting contact with the protected person is an independent crime sufficient to support a burglary conviction. *Id.* at 452. Consistent with the *Colvin* dicta, which we believe accurately reflects the law, we hold that Dunlap's independent crime was his violation of the no-contact provision of the no-contact order. Although entry is an element of Dunlap's burglary charge, contact with his estranged

girlfriend is not. The district court reasoned that Dunlap implicitly admitted that he was in close enough proximity to her to constitute a criminal violation of the order, and we see no fault in this reasoning.

Dunlap also argues that his guilty plea was inaccurate because he never admitted to intentionally violating the no-contact provision of the order. When reviewing the adequacy of a factual basis to support a guilty plea, we may also look to the complaint to supplement the defendant's admissions. *See State v. Trott*, 338 N.W.2d 248, 252 (Minn. 1983) ("The record also contains a copy of the complaint and defendant, by his plea of guilty, in effect judicially admitted the allegations contained in the complaint."). Dunlap's lack-of-intent argument is unpersuasive because he admitted to violating the no-contact order by being in his former girlfriend's apartment and the criminal complaint states that he grabbed her arm while he was inside. This provided a sufficient factual ground to establish Dunlap's intentional contact.

Dunlap's guilty plea was accurate. Although the state argues that Dunlap's postconviction petition is also time-barred, the district court did not address this issue and we need not address it either because Dunlap's claim plainly fails on the merits.

**Affirmed.**