*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1181**


Jermaine Kershawn Perry, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.


**Filed March 21, 2016
Affirmed
Bjorkman, Judge**


Ramsey County District Court
File No. 62-K2-02-003177

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for respondent)

        Considered and decided by Bjorkman, Presiding Judge; Cleary, Chief Judge; and

Smith, John, Judge.*

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**BJORKMAN**, Judge

Appellant challenges the denial of his petition for postconviction relief, arguing that he should be allowed to withdraw his guilty plea to third-degree sale of a controlled substance because of testing deficiencies discovered at the St. Paul Police Department Crime Lab (SPPDCL). Because his petition was untimely, we affirm.

## FACTS

On August 1, 2002, appellant Jermaine Kershawn Perry sold several "rocks of cocaine" to R.J., who was working with law enforcement. Perry was charged with third-degree sale of a controlled substance. On October 29, Perry pleaded guilty to the charged offense. During his plea hearing, Perry testified that the substance he sold was cocaine and that he had no reason to dispute law enforcement's tests that indicated the substance was cocaine. His plea petition, which he acknowledged at the plea hearing, indicated that he was giving up the right to challenge the state's evidence and was not making a claim that he was innocent. Perry was sentenced on January 7, 2003.

On July 18, 2014, Perry petitioned for postconviction relief, citing testing deficiencies at the SPPDCL that were identified in *State v. Jensen*, No. 19HA-CR-09-3463 (Minn. Dist. Ct. July 16, 2012). Perry argued that his petition was not time-barred and that he was entitled to postconviction relief on the basis of newly discovered evidence, a *Brady* violation, a due-process violation, manifest injustice, and ineffective assistance of counsel. The district court denied Perry's petition without an evidentiary hearing, stating that the petition was untimely and failed on its merits. Perry appeals.

**D E C I S I O N**

An individual who asserts that his criminal conviction was obtained in violation of his constitutional rights may file a petition for postconviction relief. Minn. Stat. § 590.01, subd. 1 (2012). Petitions for postconviction relief must be filed within two years of the later of "(1) the entry of judgment of conviction or sentence if no direct appeal is filed; or (2) an appellate court's disposition of petitioner's direct appeal." Minn. Stat. § 590.01, subd. 4(a) (2012). A petition filed after the two-year time limit may be considered if it satisfies one of five statutory exceptions. *See id.*, subd. 4(b) (2012). A petition that invokes one of the exceptions must be filed within two years of the date the claim arises. *Id.*, subd. 4(c) (2012).

We review denial of a petition for postconviction relief for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). An abuse of discretion occurs when a postconviction court's decision is based on an erroneous view of the law or is against logic and the facts in the record. *Id.* We review legal issues de novo, but our review of factual issues is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings. *Matakis v. State*, 862 N.W.2d 33, 36 (Minn. 2015).

Perry does not deny that his petition was filed outside the two-year time limit, but argues that the newly-discovered-evidence and interests-of-justice exceptions apply. We address each argument in turn.

**I.      The newly-discovered-evidence exception has not been satisfied.**

A court may hear an untimely petition for postconviction relief if (1) the petitioner alleges the existence of newly discovered evidence, (2) the evidence could not have been

3

discovered through the due diligence of the petitioner or his attorney within the two-year time limit, (3) the evidence is not cumulative, (4) the evidence is not for impeachment purposes, and (5) the evidence establishes the petitioner's innocence by clear and convincing evidence. *Roberts v. State*, 856 N.W.2d 287, 290 (Minn. App. 2014) (citing Minn. Stat. § 590.01, subd. 4(b)(2)), *review denied* (Minn. Jan. 28, 2015). All five elements must be established to obtain relief. *Id.*

Perry argues that the testing deficiencies that were discovered at the SPPDCL in 2012 constitute newly discovered evidence. We rejected this argument in *Roberts*, holding that the newly-discovered-evidence exception did not apply because Roberts failed to show that the testing deficiencies could *not* have been discovered through the exercise of due diligence and did not establish by clear and convincing evidence that he was innocent. *Id.* at 291-92. Like Roberts, Perry did not challenge the identity of the substance, nor did he ever claim that the substance was not cocaine. He did not offer evidence regarding the identity of the substance, and expressly gave up his right to challenge the state's evidence by pleading guilty. During his plea hearing, Perry specifically stated that he had no reason to dispute the chemical testing done by law enforcement that indicated the substance was cocaine.

Perry attempts to distinguish the facts of this case from *Roberts*, arguing that even if the SPPDCL reports had been diligently reviewed, it would have taken an attorney with specialized training to discover the testing deficiencies. But Perry, like Roberts, has failed to show that he made an attempt to investigate the test results or that anyone prevented him from doing so. *Id.* at 291. Because Perry has failed to establish all five elements of the

4

newly-discovered-evidence exception, the district court did not abuse its discretion by concluding that the exception does not apply.

## II.     The interests-of-justice exception does not apply.

"[A] court may hear an untimely petition for postconviction relief if 'the petitioner establishes to the satisfaction of the court that the petition is not frivolous and is in the interests of justice.'" *Id*. at 292 (quoting Minn. Stat. § 590.01, subd. 4(b)(5)). The interests-of-justice exception applies in exceptional cases where a claim has substantive merit and the petitioner has not deliberately and inexcusably failed to raise the issue on direct appeal. *Id*. Courts also consider the degree to which each party is at fault for the alleged error, whether a fundamental unfairness to the defendant needs to be addressed, and if relief is necessary to protect the integrity of judicial proceedings.[1] *Id.*

Perry argues that his petition has substantive merit based on newly discovered evidence, a *Brady* violation, a due-process violation, manifest injustice, and ineffective assistance of counsel. The first three arguments fail because a counseled guilty plea "has traditionally operated, in Minnesota and in other jurisdictions, as a waiver of all non-jurisdictional defects arising prior to the entry of the plea." *State v. Ford*, 397 N.W.2d 875, 878 (Minn. 1986) (citing *State v. Lothenbach*, 296 N.W.2d 854, 857 (Minn. 1980)). Perry pleaded guilty to third-degree sale of a controlled substance. He was represented by counsel and signed a plea petition acknowledging that he had the opportunity to discuss his defenses with his attorney, was giving up the right to challenge the state's evidence, and

---

[1] This list of factors is non-exclusive. *Gassler v. State*, 787 N.W.2d 575, 586 (Minn. 2010).

was not making a claim that he was innocent. By entering a counseled guilty plea, Perry waived his evidentiary and procedural challenges. Thus, we need only address whether Perry is entitled to withdraw his guilty plea based on manifest injustice and ineffective assistance of counsel.

### A.     Manifest Injustice

A court must allow a defendant to withdraw a guilty plea if it is necessary to correct a manifest injustice. Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice occurs if a guilty plea is not accurate, voluntary, and intelligent. *Perkins v. State*, 559 N.W.2d 678, 688 (Minn. 1997). Perry argues that his guilty plea was not accurate, voluntary, or intelligent. We are not persuaded.

For a guilty plea to be accurate, a proper factual basis must be established. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). Perry pleaded guilty to third-degree sale of a controlled substance.[2] He admitted that the substance he sold was cocaine, and acknowledged in his plea petition that he was not making a claim that he was innocent. We conclude that these facts are sufficient to satisfy the accuracy requirement.

Courts determine whether a plea is voluntary by considering all relevant circumstances, and ensuring that the defendant did not plead guilty due to improper pressure or coercion. *State v. Raleigh*, 778 N.W.2d 90, 96 (Minn. 2010). Perry argues that the test results from the SPPDCL created improper pressure that induced him into pleading

---

[2] *See* Minn. Stat. §§ 152.01, subd. 10 (establishing cocaine as a narcotic drug), .023, subd. 1(1) (stating that a person is guilty of third-degree controlled-substance crime if he unlawfully sells one or more mixtures containing a narcotic drug) (2002).

guilty. We are not persuaded. Perry did not ask to review the SPPDCL records, did not challenge the test results, and did not dispute that the substance was cocaine. Perry's plea petition, which he signed and acknowledged at the plea hearing, stated that no one had threatened him or made him any promises in order to obtain a guilty plea. We discern no improper pressure or coercion associated with Perry's guilty plea.

For a guilty plea to be intelligent, the defendant must understand the charges against him, the rights he is waiving, and the consequences of the plea. *Id.* Perry argues that he did not know about the deficiencies of the SPPDCL, did not understand the scope of his right to challenge the evidence against him, and did not know that he was waiving this right by pleading guilty. These arguments are unavailing. At the plea hearing, Perry confirmed that he had been charged with and was pleading guilty to third-degree sale of a controlled substance. He stated that he understood that he was giving up the right to contest the evidence against him, and said that he had no reason to dispute the law enforcement tests that indicated the controlled substance was cocaine. Additionally, the signed plea petition indicated that Perry's attorney informed him of the rights he was waiving and that he would not have another opportunity to object to the evidence the state had against him. On this record, we conclude that Perry understood the charges, the rights he was waiving, and the consequences of his guilty plea. Because the plea was accurate, voluntary, and intelligent, Perry is not entitled to postconviction relief based upon a manifest injustice.

### B.    Ineffective Assistance of Counsel

To prevail on his ineffective-assistance-of-counsel claim, Perry must show that his counsel's representation fell below an objective standard of reasonableness and that, but

7

for the counsel's errors, there is a reasonable probability that the outcome of the proceeding would have been different. *Nissalke v. State*, 861 N.W.2d 88, 94 (Minn. 2015). An attorney provides reasonable assistance when he exercises the customary skills and diligence that a reasonably competent attorney would exercise under similar circumstances. *State v. Vang*, 847 N.W.2d 248, 266-67 (Minn. 2014). A trial counsel's performance is presumed to be reasonable. *Id*. at 266.

Perry argues that his attorney's representation was not reasonable because he did not obtain and review the SPPDCL file. We disagree. As in *Roberts*, Perry does not allege that his attorney failed to discuss this option with him, refused to request the file, or advised him not to challenge the results. 856 N.W.2d at 293. Perry also fails to provide evidence that it was the customary practice of defense attorneys in 2002 to request SPPDCL files for cases involving controlled substances. Because Perry does not show how his attorney's representation fell below an objective standard of reasonableness, his ineffective-assistance-of-counsel claim fails.[3]

**Affirmed.**

---

[3] A district court may summarily deny a petition when the petition, files, and records conclusively show that the petitioner is not entitled to relief. Minn. Stat. § 590.04, subd. 1 (2012). The denial of a request for an evidentiary hearing is reviewed for an abuse of discretion. *Riley*, 819 N.W.2d at 167. Because the record conclusively shows that Perry is not entitled to postconviction relief, the district court did not abuse its discretion by denying his request for an evidentiary hearing. *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005).