*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1642**

Rojelio Castillo, petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed May 23, 2016
Affirmed
Smith, Tracy, Judge**

Ramsey County District Court
File No. 62-K2-03-002671

Cathryn Middlebrook, Chief Appellate Public Defender, Carol Comp, Special Assistant Public Defender, St. Paul, Minnesota (for appellant)

Lori Swanson, Attorney General, St. Paul, Minnesota; and

John J. Choi, Ramsey County Attorney, Kaarin Long, Assistant County Attorney, St. Paul, Minnesota (for appellant)

Considered and decided by Reyes, Presiding Judge; Ross, Judge; and Smith, Tracy, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SMITH, TRACY**, Judge

Appellant Rojelio Castillo challenges the postconviction court's summary denial of his petition for postconviction relief, arguing that he should be allowed to withdraw his

guilty plea to fifth-degree possession of a controlled substance because of testing deficiencies at the St. Paul Police Department Crime Lab (SPPDCL). Because Castillo's petition was untimely, we affirm.

**FACTS**

On July 21, 2003, a St. Paul police officer responded to complaints of narcotics in an alley. The officer saw a man look at him and begin to run. The officer stopped the man, who identified himself as Castillo. Castillo told the officer that he had warrants, methamphetamine in his front pocket, and a small bag of marijuana. The officer recovered two bags of suspected controlled substances from Castillo's pockets. The SPPDCL determined that the substance in one of the bags tested positive for methamphetamine.

The state charged Castillo with fifth-degree controlled-substance crime for possessing methamphetamine. Castillo pleaded guilty to the charge. Castillo signed a plea petition indicating that he made no claim he was innocent, and he agreed at the plea hearing that the officer found "drugs" in his possession and that those "drugs" tested positive for methamphetamine.

On July 18, 2014, Castillo filed a petition for postconviction relief, citing testing deficiencies at the SPPDCL that were identified in a 2012 Dakota County case. Castillo argued that his postconviction petition was not time-barred and that he was entitled to postconviction relief because of newly discovered evidence, a *Brady* violation, a due-process violation, manifest injustice, and ineffective assistance of counsel. The postconviction court denied Castillo's petition without an evidentiary hearing.

2

Castillo appeals.

## D E C I S I O N

We review the postconviction court's denial of a petition for postconviction relief for an abuse of discretion. *Riley v. State*, 819 N.W.2d 162, 167 (Minn. 2012). "A postconviction court abuses its discretion when its decision is based on an erroneous view of the law or is against logic and the facts in the record." *Id.* (quotation omitted). "We review legal issues de novo, but on factual issues our review is limited to whether there is sufficient evidence in the record to sustain the postconviction court's findings." *Matakis v. State*, 862 N.W.2d 33, 36 (Minn. 2015) (quotation omitted).

When no direct appeal is filed, a person seeking postconviction relief must file a postconviction petition within two years of "the entry of judgment of conviction or sentence." Minn. Stat. § 590.01, subd. 4(a) (2012). Because Castillo did not file a direct appeal, his postconviction petition was due within two years of his sentencing on August 18, 2004. *See id.* Castillo acknowledges that his postconviction petition, filed July 18, 2014, was untimely under subdivision 4(a), but argues that two of the five statutory exceptions to the time bar apply. *See id.*, subd. 4(b) (2012). A petition that invokes one of the statutory exceptions "must be filed within two years of the date the claim arises." *Id.*, subd. 4(c) (2012).

## I.

Castillo argues that the SPPDCL testing deficiencies, which were discovered in 2012, constitute newly discovered evidence. A court may consider an untimely petition for postconviction relief if (1) the petitioner alleges that there is newly discovered

3

evidence; (2) the evidence could not have been discovered through the due diligence of the petitioner or his attorney within the two-year time limit; (3) the evidence is not cumulative; (4) the evidence is not for impeachment purposes; and (5) the evidence establishes the petitioner's innocence by clear and convincing evidence. *Roberts v. State*, 856 N.W.2d 287, 290 (Minn. App. 2014), *review denied* (Minn. Jan. 28, 2015); *see also* Minn. Stat. § 590.01, subd. 4(b)(2).[1] The postconviction court determined that Castillo could not satisfy the second and fifth requirements.

In *Roberts*, this court rejected a petitioner's argument that the testing deficiencies at the SPPDCL could not have been discovered with due diligence during the two-year time limit. 856 N.W.2d at 291. As in *Roberts*, Castillo had access to the SPPDCL test results, did not challenge the reliability of the test results, and did not request public funds to obtain expert review of the test results. *See id.* In addition, the fact that another petitioner discovered the deficiencies belies Castillo's assertion that he could not have discovered the deficiencies with due diligence. *See id.*

Castillo attempts to distinguish *Roberts* by citing an affidavit filed in his case from the attorney who discovered the SPPDCL deficiencies. In the affidavit, the attorney reveals how she discovered the deficiencies and when she believes they started. But the attorney does not allege that the deficiencies were impossible to discover prior to 2012. As in *Roberts*, Castillo does not argue that he attempted to investigate the test results or

---

[1] In *Roberts*, this court "assume[d] without deciding that the newly-discovered-evidence exception is applicable to a request for postconviction relief in the form of plea withdrawal, even though the plain language of the statutory exception suggests that it only applies to convictions resulting from a trial." 856 N.W.2d at 291 n.2.

4

that anyone prevented him from doing so. *See id.* Castillo has not shown that the evidence could not have been discovered with due diligence within the two-year time limit. *See* Minn. Stat. § 590.01, subd. 4(b)(2).

Even if Castillo had shown that he could not have discovered the deficiencies, he has not established his innocence. *See id.* This court determined in *Roberts* that the SPPDCL deficiencies alone do not establish innocence. 856 N.W.2d at 291-92. As in *Roberts*, Castillo offers no evidence regarding the chemical composition of the relevant substance in his case. *See id.* at 291. As the postconviction court found, Castillo has never claimed in either his original case or in his postconviction proceeding that the substance was not methamphetamine. Instead, Castillo told the officer there was methamphetamine in his pocket and pleaded guilty to possessing methamphetamine. By pleading guilty, Castillo waived his right to challenge the state's evidence against him. *See id.* at 293. Because Castillo does not argue that the recovered substance was not methamphetamine and because there is other nonscientific evidence of Castillo's guilt, including Castillo's own statements when arrested, Castillo has failed to establish his innocence by clear and convincing evidence. *See* Minn. Stat. § 590.01, subd. 4(b)(2).

The postconviction court did not abuse its discretion by determining that the newly-discovered-evidence exception to the time bar does not apply.

**II.**

Castillo also argues that his postconviction petition should have been heard under the interests-of-justice exception. "[A] court may hear an untimely petition for postconviction relief if 'the petitioner establishes to the satisfaction of the court that the

5

petition is not frivolous and is in the interests of justice.'" *Roberts*, 856 N.W.2d at 292 (quoting Minn. Stat. § 590.01, subd. 4(b)(5)). This exception applies only in "exceptional situations" where a claim has substantive merit and the petitioner has not "deliberately and inexcusably failed to raise the issue on direct appeal." *Id.* (quotations omitted). The court may consider the degree to which each party is at fault for the alleged error, whether a fundamental unfairness to the petitioner needs to be addressed, and whether relief is "necessary to protect the integrity of judicial proceedings." *Id.* (quotation omitted).

Castillo argues that his postconviction petition has substantive merit based on newly discovered evidence, a *Brady* violation, a due-process violation, manifest injustice, and ineffective assistance of counsel.

## A. Effect of Guilty Plea

A counseled guilty plea traditionally operates "as a waiver of all non-jurisdictional defects arising prior to the entry of the plea." *State v. Ford*, 397 N.W.2d 875, 878 (Minn. 1986). Castillo pleaded guilty to fifth-degree possession of a controlled substance. Castillo's first three arguments—regarding newly discovered evidence, a *Brady* violation, and procedural due process—assert evidentiary and procedural defects arising prior to entry of his guilty plea. By entering his counseled guilty plea, Castillo waived those arguments. We therefore need only consider Castillo's manifest-injustice and ineffective-assistance-of-counsel arguments.

6

## B. Manifest Injustice

Castillo argues that he is entitled to withdraw his guilty plea to correct a manifest injustice because his plea was not accurate, voluntary, or intelligent. A court must allow a defendant to withdraw a guilty plea if it is "necessary to correct a manifest injustice." Minn. R. Crim. P. 15.05, subd. 1. A manifest injustice occurs if a guilty plea is not accurate, voluntary, and intelligent. *Perkins v. State*, 559 N.W.2d 678, 688 (Minn. 1997).

For a guilty plea to be accurate, a proper factual basis must be established. *State v. Ecker*, 524 N.W.2d 712, 716 (Minn. 1994). Castillo pleaded guilty to fifth-degree possession of a controlled substance. Castillo's signed plea petition indicated that he made no claim he was innocent, and at the plea hearing Castillo admitted that officers found "drugs" in his possession and that those "drugs" tested positive for methamphetamine. We conclude that these facts satisfy the accuracy requirement. *See* Minn. Stat. § 152.025, subd. 2 (2002) (stating that a person is guilty of fifth-degree controlled-substance crime if he unlawfully possesses a controlled substance).

To determine whether a guilty plea is voluntary, we consider all relevant circumstances to ensure that the defendant did not plead guilty due to improper pressure or coercion. *State v. Raleigh*, 778 N.W.2d 90, 96 (Minn. 2010). In his plea petition, Castillo stated that no one had threatened him or made any promises to obtain his guilty plea. He does not now assert otherwise. Instead, Castillo argues that the SPPDCL test results improperly pressured him to plead guilty. But Castillo did not ask to review the SPPDCL records, did not challenge the test results, and has never disputed that the

7

substance was methamphetamine. We discern no improper pressure or coercion and conclude that Castillo's plea was voluntary.

For a guilty plea to be intelligent, the defendant must understand "the charges against him, the rights he is waiving, and the consequences of his plea." *Id.* "'Consequences' refers to a plea's direct consequences, namely the maximum sentence and fine." *Id.* Castillo argues that he did not understand the scope of his right to challenge the SPPDCL evidence and did not know that he waived this right by pleading guilty. But Castillo signed a plea petition in which he agreed that he understood the rights he was giving up by pleading guilty, including the right to challenge the evidence against him in a pretrial hearing, the right to a jury trial, the right to call witnesses, and the right to cross-examine the state's witnesses. The record shows that Castillo understood the charge against him, the rights he waived by pleading guilty, and the consequences of his plea. We therefore conclude that Castillo's plea was intelligent.

Because Castillo's guilty plea was accurate, voluntary, and intelligent, Castillo is not entitled to postconviction relief based on a manifest injustice.

### C. Ineffective Assistance of Counsel

Castillo argues that he is entitled to withdraw his guilty plea because his counsel's representation was ineffective. To succeed on this claim, Castillo must show that his counsel's representation fell below an objective standard of reasonableness and that, but for the counsel's errors, there is a reasonable probability that the outcome of the proceeding would have been different. *See State v. Vang*, 847 N.W.2d 248, 266 (Minn. 2014). An attorney's performance is reasonable if he "exercise[s] the customary skills

8

and diligence that a reasonably competent attorney would perform under similar circumstances." *Id.* at 266-67 (quotations omitted). We presume that a trial counsel's performance was reasonable. *Id.* at 266.

Castillo argues that his counsel's representation was not reasonable because the attorney "did not demand and review" the SPPDCL file. But, as in *Roberts*, Castillo "does not allege that his attorney failed to discuss that option with him, refused his request to challenge the test results, or advised him not to challenge the results." *See* 856 N.W.2d at 293. Castillo also fails to provide evidence that defense attorneys in 2003 customarily requested SPPDCL files in controlled-substance cases. In fact, Castillo's cited affidavit indicates that defense attorneys did not customarily request SPPDCL files at that time. Castillo has failed to show that his counsel's performance was unreasonable.

In addition, Castillo has not shown that the outcome of his proceeding would have been different but for his counsel's alleged errors. Castillo has never asserted that the substance was not methamphetamine. To the contrary, Castillo told the arresting officer that he had methamphetamine and agreed at his plea hearing that the substance tested positive for methamphetamine. Castillo has failed to satisfy either prong of the ineffective-assistance-of-counsel test.

The postconviction court did not abuse its discretion by determining that the interests-of-justice exception does not apply. Because neither statutory exception applies, the postconviction court did not abuse its discretion by denying Castillo's petition for postconviction relief.

9

**III.**

Finally, Castillo argues that the postconviction court abused its discretion by denying his request for an evidentiary hearing. We review the postconviction court's decision regarding whether to hold an evidentiary hearing for an abuse of discretion. *Riley*, 819 N.W.2d at 167. A postconviction petitioner is not entitled to an evidentiary hearing if "the petition and the files and records of the proceeding conclusively show that the petitioner is entitled to no relief." Minn. Stat. § 590.04, subd. 1 (2012). An evidentiary hearing is required only if "there are material facts in dispute that must be resolved to determine the postconviction claim on its merits." *Powers v. State*, 695 N.W.2d 371, 374 (Minn. 2005).

Because the material facts are not in dispute and Castillo's petition is time-barred, Castillo is not entitled to postconviction relief. The postconviction court therefore did not abuse its discretion by denying Castillo's request for an evidentiary hearing.

**Affirmed.**